# Clear Springs Water Company, Appellant, *v.* Catasauqua Borough.

*Corporations—Water companies—Proceedings under Act of May 31, 1907, P. L. 355—Disclaimer—Estoppel.*

1. Where a borough institutes proceedings under the Act of May 31, 1907, P. L. 355, to acquire the plant of a water company, and the respondent files a disclaimer consenting that the borough may install a plant with like force and effect as if the proceeding had been prosecuted to completion, and upon this disclaimer the petition of the borough is dismissed, the water company cannot thereafter, and after the borough has spent large sums of money towards the construction of a plant of its own, maintain a bill in equity to prevent the completion of the borough waterworks. In such a case the validity of the estoppel does not depend upon the constitutionality of the Act of May 31, 1907.

2. Where a party assumes a position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

Argued Jan. 30, 1911. Appeal, No. 76, Jan. T., 1910, by plaintiff, from decree of C. P. Lehigh Co., June T., 1909, No. 1, dismissing bill in equity in case of Clear Springs Water Company v. Catasauqua Borough. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before TREXLER, P. J. The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*W. W. Watson* and *John G. Johnson,* with them *Frank Jacobs, Alex. N. Ulrich* and *Dickson, Beitler & McCouch,* for appellants.—The disclaimer was ineffective inasmuch as the Act of May 31, 1907, P. L. 355, is unconstitutional: White v. Meadville, 177 Pa. 643; Penna. Water Co. v. Pittsburg, 226 Pa. 624; Manheim Borough v. Manheim Water Co., 229 Pa. 177.

The plaintiff company did not have an exclusive privilege within the meaning of the act of 1907, and therefore said act did not apply to it: Act of April 29, 1874, P. L. 73, sec. 34, clause 3; Freeport Water Works Co. v. Prager, 129 Pa. 605; Hastings Water Co. v. Hastings Boro., 216 Pa. 178.

The Clear Springs Water Company has done nothing in violation of its charter privileges and its rights and privileges cannot be destroyed indirectly by the act of May 31, 1907: Manheim, Petersburg & Lancaster Turnpike Co. v. Arndt, 31 Pa. 317; Wabash & Erie Canal Co. v. Beers, 67 U. S. 448.

*Preston K. Erdman,* with him *Francis G. Lewis* and *Thos. F. Diefenderfer,* for appellees.—The complainant

is estopped by the disclaimer filed of record: Bidwell v. Pittsburg, 85 Pa. 412; Greeley v. Thomas, 56 Pa. 35; Philadelphia v. Railway Co., 142 Pa. 484; Kase v. Best, 15 Pa. 101; Maust v. Railway Co., 219 Pa. 568; Roney v. Westlake, 216 Pa. 374; West Washington Borough v. Fouse, 41 Pa. Superior Ct. 462; Haneman v. Pile, 161 Pa. 599.

OPINION BY MR. JUSTICE MESTREZAT, April 10, 1911:

We have carefully examined this voluminous record and the exhaustive brief of appellant's counsel but have failed to discover any reversible error in the trial court's findings of fact or law. We think the opinion of the learned court clearly vindicates his conclusions and the correctness of the decree which he entered.

The right of the borough, independently of the disclaimer, to erect its own waterworks may be eliminated from the case. The court based its conclusion entirely upon the effect of the waiver filed by the plaintiff company in the proceeding instituted by the borough under the Act of May 31, 1907, P. L. 355, 5 Purd. 5703. In fact the court agreed with the plaintiff's contention that the borough had no right to erect waterworks under the facts disclosed by the evidence, but held that the plaintiff's disclaimer or waiver in the former suit estopped it from now alleging that the borough could not construct a water plant.

The act of 1907 authorizes cities and boroughs to acquire waterworks owned by private persons and provides the mode of procedure for accomplishing the purpose. It provides that appraisers shall be appointed to value and appraise the property, and that they shall file their report in the prothonotary's office. The report becomes final if not appealed from in ten days after notice that it has been filed. An appeal is allowed which shall be heard and determined by the court which has the power to increase, lower or modify the appraisement. The municipality is authorized to buy the plant at the valuation thus

determined, and the corporation, owning the plant, is required within ten days after the determination of the value of the plant to file a paper indicating its consent and election to sell and convey the plant to the municipality at the valuation fixed as required by the act. The fourth section then provides that in default of its consent to sell at the appraised value, the company shall cease to have any exclusive privilege of supplying the municipality or the citizens thereof with water, and the municipality may install or cause to be installed such plant or system as the authorities may deem necessary and expedient for the accommodation of the public.

Catasauqua borough presented its petition to the common pleas of Lehigh county on December 19, 1907, setting forth its desire of owning the waterworks of the Clear Springs Water Company, the plaintiff in this case, and asked for the appointment of appraisers under the provisions of the act of 1907. The matter was proceeded with to a hearing when the Clear Springs Water Company alleged that the act was unconstitutional and had no application to it, which was denied by the borough. Subsequently the water company filed a paper in the proceeding declining to sell its works to the borough at any valuation which might be placed on the plant by the appraisers or the court, admitting its default under the act of 1907 by reason of its declination to sell its waterworks, and acknowledging the right of the borough to install such water plant or system as it might deem expedient with the same force and effect as if the borough were to prosecute the proceeding to a final valuation of the water company's works or plant and then determine to purchase the plant at the appraised valuation and the company should decline to sell it. The court directed the disclaimer to be filed of record in the case. In disposing of the application, after the water company's disclaimer had been filed, the court said: "I see no reason why the remedy provided by the act of 1907 should be further pursued as evidently by an appraisement of the property of the com-

pany we would arrive at the same conclusion that is now before us." The petition of the borough was, therefore, declined, "for the reason set forth in the opinion this day filed."

The present proceeding is a bill filed by the water company to enjoin the borough from erecting and constructing a water plant. The borough contends, and the learned court below held, that the water company was estopped from maintaining the bill by reason of its disclaimer filed in the former case and the subsequent action of the borough in proceeding with the erection of the plant by virtue of the disclaimer. In his opinion the learned judge says: "The borough afterwards spent nearly $4,000 in digging wells and other preliminaries to erecting its own plant, and increased its indebtedness to that end. The plaintiff in this case (the water company) contends that the waiver amounted to nothing, that the act of 1907 is unconstitutional, and of no effect. I do not take that view of the matter. Granted that the act of 1907 may be unconstitutional, it is nevertheless true that the company, in order to get rid of the suit, agreed upon a basis of settlement. They admit certain rights as residing in the borough. Why should it not be bound by its admission? The borough relying upon it spent money. Why should not the same rule which would estop the borough from erecting its waterworks estop the plaintiff from interfering when the borough proceeds to exercise the conceded right? 'He who seeks equity, must do equity.' The plaintiff cannot blow hot and cold. It cannot prevail upon the court to dismiss the case in one case upon the strength of its disclaimer, and in the present case deny the validity of such disclaimer. To my mind, the paper filed by the company controls this case, and prevents the plaintiff from maintaining this bill. The result may be disastrous to the plaintiff, but the situation is one of its own making." It will be observed that if the application made by the borough under the act of 1907 had been proceeded with to its conclusion and the water

company had agreed or the court had found the facts as set forth in the disclaimer the decree would have declared that the water company had ceased to have an exclusive privilege of supplying water to the municipality or its citizens and that the municipality could install its own water plant. The disclaimer or waiver filed by the water company is in the identical language of the act, and consents that the municipality may install a plant with like force and effect as if the proceeding instituted by the borough had been prosecuted to completion. The water company is, therefore, estopped from asserting any claim or right which it waived by the disclaimer filed in the former proceeding. It cannot be permitted to defeat the borough's application under the act of 1907 by filing a disclaimer and thereby induce the court to dismiss the application and the borough to expend large sums of money in erecting its plant, and then withdraw the disclaimer and enjoin the borough from completing the water plant. In 11 Am. & Eng. Ency. of Law (2d ed.), 446, it is said: "It has been laid down as a general proposition, that where a party assumes a position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." In Bidwell v. Pittsburg, 85 Pa. 412, 417, MERCUR, J., delivering the opinion, says: "It may now be declared as a general rule, that where an act is done, or a statement made by a party, the truth or efficacy of which it would be a fraud on his part to controvert or impair, the character of an estoppel shall be given to what otherwise would be mere matter of evidence. It is not necessary that the party against whom an estoppel is alleged, should have intended to deceive; it is sufficient if he intended that his conduct should induce another to act upon it, and the other, relying on it, did so act." And in Maust v. Pennsylvania and Maryland Street Railway, 219 Pa. 568, we said that relief will not be granted "where the party seek-

ing redress has placed himself in such a position that to grant his request would work an injustice to the other party whom he has led to believe could do the particular thing which he now undertakes to restrain."

The decree dismissing the borough's application under the act of 1907 was entered April 27, 1908. The bill in this case was filed in June, 1909. Immediately after the borough's application had been dismissed, it proceeded to erect a water plant, expended about $4,000 in boring wells, securing a supply of water and in the purchase of lands, held an election to increase the borough's indebtedness, prepared bonds and laid out the plant and system. The water company had full knowledge of all these proceedings and made no objection. It certainly would be most inequitable and unjust to permit the company to withdraw its disclaimer at this time and under these circumstances, and restrain the borough from erecting a water plant. As pointed out above, had the proceedings instituted under the act of 1907 been proceeded with to completion, the court would have been compelled, after the company had filed the disclaimer, to enter a decree authorizing the borough to erect the plant. The decree dismissing the application as well as the action of the borough in proceeding to erect the plant were based upon the disclaimer or waiver filed by the water company. It was filed of record, and prevented any further prosecution of the borough's application under the act of 1907, and defeated the borough in having its right to erect a water plant adjudicated by the court. Under well settled principles, recognized alike in text-books and decisions, the conduct of the water company estops it now from asserting any claim or right contrary to its disclaimer.

There is no merit in the contention that the water company is relieved from the effect of its disclaimer because the act of 1907 may be unconstitutional. If it be conceded that the act does offend the constitution, the proceedings and decree in the case remain unimpeached and cannot be attacked collaterally: Ferson's Appeal, 96 Pa.

140; Bidwell v. Pittsburg, 85 Pa. 412; Northampton County v. Herman, 119 Pa. 373. The validity of the estoppel does not depend upon the constitutionality of the statute.

The decree is affirmed.