Giesey v. Cogan, Appellant.

Argued May 6, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Jas. Gregg,* of *Gregg & Copeland,* with him *Adam B. Shaffer,* and *Sebastian C. Pugliese,* of *Margiotti, Pugliese, Evans & Reid,* for appellant.

*C. Ward Eicher,* with him *Alex Eicher,* of *Eicher & Eicher,* for appellee.

OPINION BY BALDRIGE, J., July 18, 1935:

The plaintiff filed a bill in equity praying for an injunction to restrain the defendant from interfering with him in the construction of a bridge over Four Mile Run. The bill averred that the plaintiff and defendant are owners of adjacent tracts of land, which they purchased from Samuel Johnston in 1901; that for thirty years and upwards the plaintiff and others have used a private road, leading from his buildings and crossing Four Mile Run, which divides these two tracts, to a public highway; that this road is the only means of ingress and egress of the plaintiff to and from the public highway; that Four Mile Run at times becomes so high that it is impossible to cross it; that on the 1st day of October, 1933, the plaintiff began the construction of a 10 foot-wide bridge across this run by building abutments, which the defendant threatens to blow up and destroy.

The answer filed denied the plaintiff's right to a private way on defendant's land, stating that its use by him and others was permissive. The defendant further averred that the plaintiff is estopped from alleging that a right-of-way exists by prescription, as in 1916 he petitioned the court for the appointment of viewers to lay out a private road, setting forth that he had no way to get to and from a public highway; that a report of the

viewers was filed adopting the route of the road in dispute; but that this proceeding was fatally defective as the defendant had no notice thereof.

After several hearings were had, the chancellor, in his findings of fact and conclusions of law, sustained the averments in the bill, and made the injunction permanent. Exceptions thereto were dismissed by the court in banc. The chancellor made no findings of fact or conclusions of law in regard to the private road proceedings. No request was made by the defendant therefor, nor were any exceptions filed to the failure of the court to so find. The appellee contends that no serious question was raised in the court below respecting that matter.

The only proposition before us in this appeal is: Was the appellee estopped from asserting a claim for a way by necessity or prescription in view of his statement in his petition for appointment of viewers that no way was in existence for him to get from his home to a public highway?

We concede that, as a general proposition, a party to an action is estopped from assuming a position inconsistent with his assertion in a previous action, if his contention was successfully maintained: Pivirotto's Est., 251 Pa. 548, 97 A. 80.

The appellee admits that notice was not given to the appellant of the proceedings to open and lay out a private road, and that, therefore, they are invalid, as the appellant alleged. The plaintiff's statement in his brief that the defendant presented a petition on the 20th day of December, 1933, to vacate and set aside the viewers' report was not denied. We, therefore, assume it to be true. As a consequence of this irregularity, the appellee was unsuccessful in his effort to thus obtain a private road. The principle of estoppel, based on this illegal proceeding, can not be invoked, as the appellant, being entirely ignorant thereof, was not misled or in any way induced to act to her prejudice: Bidwell v.

City of Pittsburgh, 85 Pa. 412, 417; Water Co. v. Catasauqua Boro., 231 Pa. 290, 295, 80 A. 566. In the absence of proof of any fraudulent act upon the part of the appellee, or that the appellant was induced to act upon anything he did or said, she was not hurt or damaged. That void proceeding, therefore, is not decisive of the dispute whether or not a private road existed sufficiently long to create a right by prescription, or if there is a necessity therefor. That question remained for the determination of the chancellor.

A stipulation as to the facts was filed by counsel on April 2, 1935, wherein it was agreed that there was credible testimony establishing the existence of this road for a period ranging from 29 to 67 years. While the appellant attempted to prove that another road was available for the plaintiff to get to and from a public highway, the chancellor found, on sufficient testimony, that this purported road was simply makeshift and usable only in dry weather as it was largely in the bottom of a creek.

We find no occasion to disturb the findings of fact and conclusions of law.

Decree is affirmed, at appellant's costs.