## The Real Estate Trust Company of Philadelphia v. Kahler et ux.

*Stradley, Ronon & Stevens,* for petitioner.

FINLETTER, P. J., June 4, 1937.—A mortgagee bought in a property at sheriff's sale under proceedings on sci. fa. sur mortgage, paying only a nominal bid of $75. The Deficiency Judgments Act of July 1, 1935, P. L. 503, was then in force. Under its provisions the purchaser-mortgagee was obliged to bring proceedings to fix the deficiency judgment by allowing credit thereon for the value of the property acquired by the sale, failing which he could make no claim for deficiency.

The statute referred to was later declared by the Supreme Court to be unconstitutional, with the result that, if petitioner had not invoked the act, he would be entitled to judgment for the full deficiency without giving credit for the value of the property acquired.

Petitioner did, however, bring proceedings under the act to appraise the property and fix the deficiency judgment, which was done by the court. It is now argued by petitioner that, since the statute has been declared to be unconstitutional, all proceedings based upon it are void, that the effect of the decision is to make the act as if it never was, and that he is now entitled to a judgment for the full amount of the bond.

It is quite true that the general rule is, as stated by Judge Cooley, that:

"When a statute is adjudged to be unconstitutional, it is as if it had never been. Rights cannot be built up under it; contracts which depend upon it for their consideration are void; it constitutes a protection to no one who has acted under it, and no one can be punished for having refused obedience to it before the decision was made": Constitutional Limitations (7th ed) 259.

But, as is pointed out by Mr. F. C. Fiechter, Jr., in his article Considerations Regarding the Late Deficiency Judgment Acts, 41 Dickinson Law Review 75, there are many exceptions to this general rule. It is not universally true, or rather it is affected by several other considerations, among them the doctrines of res adjudicata, of estoppel, those governing mistakes of law, and the rules concerning activities of de facto officers, i. e., officers acting under statutes subsequently adjudged unconstitutional.

The Deficiency Judgments Acts of January 17, 1934, P. L. 243, and July 1, 1935, P. L. 503, and the ruling of the Supreme Court upon them, affect many foreclosure sales under mortgages. In some cases the mortgage in question was delivered before the passage of the act; in others, afterwards. In some cases the act was enforced at the suit of the mortgagor, and in others at the suit of the mortgagee. In the latter situation, sometimes the mortgagee is the purchaser at the sheriff's sale and sometimes the property is sold to a third party.

We will deal only with the particular facts in the case before us, which is a case where a mortgagee before the act was adjudged to be unconstitutional bought the property at the sheriff's sale for a nominal price and subsequently, and before the statutory period of six months, brought the proceedings prescribed by the act for having the value of the property appraised and the amount of the deficiency judgment fixed by the court, and finally, months later, the mortgagee petitioned to have the pro-

ceedings voided on the ground of the unconstitutionality of the act.

We are of opinion that the petition must be denied for two reasons, the one that the doctrine of res adjudicata applies, and the other that petitioner is estopped because he is repudiating his own action to the detriment of his opponent.

Philadelphia v. Ridge Avenue Rwy. Co., 142 Pa. 484, is in point on the subject of res adjudicata. In that case an act of assembly reduced the taxes due by the railway to the city, and in a suit brought to enforce the railway's liability an adjudication was made, covering taxes for certain years, 1880 to 1888, which was based upon the lower rate fixed by the act. Later, in other proceedings, for a different cause of action, the act was declared to be unconstitutional. Still later the city brought suit against the railway to recover the difference between the two rates for the same eight years. In the original proceedings the question of the constitutionality of the act was not raised; nevertheless, in the later case, brought to recover the difference spoken of, it was held that with regard to the taxes for the years in question res adjudicata applied, and the constitutionality of the act could not be questioned.

Bidwell v. City of Pittsburgh, 85 Pa. 412, is an illustration of the effect of estoppel upon an unconstitutional act. It was there held (syllabus) that:

"Where a party is active in procuring an ordinance . . . directing the grading and paving of a street, is elected a commissioner under such ordinance and charged with the superintendence . . . of the improvement . . . he is estopped from denying the validity of the Act of Assembly in accordance with which said ordinance was passed".

In 11 Am. & Eng. Ency. of Law (2d ed.) 446 it was said that where a party assumes a position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have

changed, assume a contrary position, especially if it be to the prejudice of one who has acquiesced in the position formerly taken by him.

In Clear Springs Water Co. v. Catasauqua Borough, 231 Pa. 290, 296, a party was held estopped from setting up the unconstitutionality of an act of assembly. Plaintiff had disclaimed any right to interfere with the borough in the construction of certain public works, and in consequence the borough had gone to great expense. The Supreme Court said:

"There is no merit in the contention that the water company is relieved from the effect of its disclaimer because the act of 1907 may be unconstitutional. If it be conceded that the act does offend the constitution, the proceedings and decree in the case remain unimpeached and cannot be attacked collaterally. . . . The validity of the estoppel does not depend upon the constitutionality of the statute", citing Ferson's Appeal, 96 Pa. 140; Bidwell v. City of Pittsburgh, supra; County of Northampton v. Herman, 119 Pa. 373.

To weaken still further the general statement of Judge Cooley that an "unconstitutional statute is as if it never had been", payments under a mistake of law regarding the constitutionality of a statute cannot be recovered back: Doll v. Earle et al., 59 N. Y. 638; Knox v. Lee, 12 Wall. (U. S.) 457.

For these reasons, we are of opinion that the petition must be denied and that the deficiency judgment should not be stricken off leaving petitioner free to enter judgment on the bond.