632 A.2d 1349

**Debra THOMPSON, Individually and as Guardian and Natural Mother of Jonathan Caulder and Jonathan Caulder in His own Right, Appellants,**

v.

**Barbara Willene ANDERSON and Walter Caulder and Joseph Albano, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 2, 1993.

Filed Nov. 9, 1993.

Michael Casey, Media, for appellants.

Lawrence S. Sarowitz, Philadelphia, for appellees.

Before OLSZEWSKI, JOHNSON and HUDOCK, JJ.

HUDOCK, Judge:

This appeal arises from the trial court's grant of summary judgment in favor of Appellees. Before we can state the issues on appeal, we must set forth the rather complex factual and procedural history of this case.

First, Appellants filed a complaint against Appellees alleging negligent conduct which resulted in injuries to both Appellants. The complaint claims that Appellees negligently caused injury to Appellant Debra Thompson when she slid off the hood of the vehicle driven by Appellee Barbara Willene Anderson.[1] Subsequent to filing this complaint, Appellee Joseph Albano's insurance carrier (EDS) filed an appearance and reservation of rights to disclaim coverage based on an exclusion in his policy for "intentional acts." Appellants' counsel then notified their uninsured motorist carrier (General Accident) of the possible intentional nature of the events, thus putting them on notice of a potential uninsured motorist claim.

As a result of EDS' reservation of rights, Appellants filed a motion with the court requesting appointment of a defense arbitrator.[2] The two arbitrators then chose a third, and a

1. Appellant, Jonathan Caulder, was claimed to have been injured in this incident as a result of his being "abducted" by his father and aunt (Barbara Willene Caulder) and as a passenger in the vehicle from which Debra Thompson slid.

2. The record shows that Appellants attempted to have Appellees appoint their own arbitrator pursuant to the procedure in Appellants' uninsured motorist policy. After failing to appoint an arbitrator on its own, Appellants made the motion compelling the court to appoint a defense

preliminary hearing was held to determine whether the panel had jurisdiction over an uninsured motorist claim because of the uncertain position of EDS. The record indicates that the panel determined that an intentional act was involved, thereby leaving Appellants without an insurance claim against EDS. The arbitration panel then deferred the hearing on damages to a later date. Subsequent to that decision, General Accident (Appellants' uninsured carrier) offered a settlement of $190,-000.00 which Appellant Debra Thompson accepted. The arbitration was never concluded as a result of this settlement.

Appellants then continued to pursue the initial negligence claim against Appellees. Appellees filed a motion for summary judgment claiming that Appellants were estopped from arguing a negligence theory of recovery because of their settlement with their uninsured motorist carrier on an intentional tort theory. Appellees asserted that Appellant had been fully compensated by the settlement. This appeal arose. We affirm.

Appellants raise three issues in their appeal. First they claim that there were genuine issues of material fact unresolved, and therefore it was error for the trial court to grant summary judgment. Next, they claim that the doctrine of judicial estoppel is not applicable to them because their claim was not successfully maintained, but rather settled. And finally, they claim that the subrogation rights of General Accident have been extinguished improperly by the grant of summary judgment.

Our standard of review in this case is as follows:

The moving party has the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. In deciding whether the moving party has met this burden, the court must examine the record in the light most favorable to the non-moving party. The court's responsibility is to determine whether a genuine issue of material fact exists; the court may not.

arbitrator. This was granted and then subsequently withdrawn when Appellees agreed to appoint their own arbitrator.

resolve such an issue. Moreover, the court should not enter summary judgment unless the case is free from doubt.

*Weiss v. Keystone Mack Sales, Inc.,* 310 Pa.Super. 425, 430, 456 A.2d 1009, 1011 (1983) (citations omitted).

■ In reviewing the entry of summary judgment by the trial court, however, we will not overturn that decision unless there has been an error of law or a clear abuse of discretion. *Tonkovic v. State Farm Mutual Automobile Insurance Co.,* 407 Pa.Super. 522, 595 A.2d 1269 (1991).

■ It is well-settled that although plaintiffs recover from their own uninsured motorist coverage carrier, they may nonetheless maintain an action against the third party tortfeasor. *Bethea v. Forbes,* 519 Pa. 422, 548 A.2d 1215 (1988). What is at the heart of Appellants' claim in our case is the interaction between this well-settled principle and another well-settled principle: that "a party to an action is estopped from assuming a position inconsistent with his assertion in a previous action, if his contention was successfully maintained." *Associated Hospital Service v. Pustilnik,* 497 Pa. 221, 439 A.2d 1149 (1981) (*quoting Geisey v. Cogan,* 118 Pa.Super. 464, 466, 179 A. 865, 866 (1935)). The interaction of these two principles becomes important in our case because Appellants' established at the preliminary arbitration hearing that their injuries were the result of "intentional" conduct on the part of Appellees. Thereafter, in continuing with their suit against Appellees, they claimed the conduct was "negligent." Therefore, we must determine whether the finding by the arbitrators of intentional conduct bars the later trial of the claim for negligent conduct.

Although the disposition by the arbitrators is phrased by the parties as "preliminary" because the arbitrators deferred decision on damages for another date, the decision whether the conduct was intentional or not was a final determination giving the panel jurisdiction to hear the underlying claim. Therefore, Appellants did successfully maintain their contention of intentional conduct and are therefore estopped from

now claiming the conduct was negligent, because these two theories are inconsistent with one another.[3] We therefore agree with the trial court that, as a matter of law, Appellants are barred from pursuing their claim for negligence. There is no dispute that the arbitrators found that intentional conduct was involved. Therefore, after reviewing the record in this matter, we agree with the trial court that summary judgment was proper. *See* Pa.R.C.P. 1035, 42 Pa.C.S. Because of our disposition of this issue, we need not address the remaining issues raised by Appellants.[4]

Judgment affirmed.

---

3. As stated in *Torts*, Prosser and Keeton (5th ed. 1984):

   The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great the conduct may be characterized as reckless or wanton, but it is not an intentional wrong. In such cases the distinction between intent and negligence obviously is a matter of degree. The line has been drawn by the courts at the point where the known danger ceases to be only a foreseeable risk which a reasonable person would avoid, and becomes in the mind of the actor a substantial certainty.

   *Id.* at p. 36.

4. Although Appellants claim that General Accident's subrogation rights were cut off as a result of the summary judgment, we note that General Accident merely stands in the shoes of Appellants to the extent of any recovery they may be entitled to as a result of their third party action. Because Appellants have no right to recover from Appellees under the facts of this case, there is no available recovery for General Accident.

   Had Appellants filed their original complaint alleging, in the alternative, a cause of action for negligence and one for intentional tort, the outcome of this matter might have been different. We decline to speculate on such a case.