**Watson v. PennDOT**

C.P. of Montgomery County, no. 87-07298.

*Mark W. Tanner,* for plaintiff.
*Drew J. Dedo,* for defendant Haverford School.

FURBER, *J.,* July 1, 1996—The plaintiffs appeal an order granting summary judgment entered on November 14, 1995, in favor of the defendant, The Haverford School.

## FACTS AND PROCEDURAL HISTORY

This matter involves a civil action brought by Robert Watson, a minor, by and through his parent and natural guardian, Priscilla Watson, who also filed a cause of action in her own right, against the Commonwealth of Pennsylvania, Department of Transportation, Lika Tov, Steven Kaufman, and The Haverford School, to recover damages for personal injuries suffered by Robert Watson. The following facts are those which are not in dispute: Robert Watson suffered personal injuries as a result of a motor vehicle-pedestrian accident which occurred at approximately 2:25 p.m., on March 3, 1986, at the intersection of Lancaster Avenue and Booth Lane in Haverford, Pennsylvania. Plaintiff was 13 years old, 12 days away from celebrating his fourteenth birthday. He had entered the seventh grade at The Haverford School in September 1985. At the end of the school day on March 3, 1986, plaintiff was not attending a class at The Haverford School, and was not under the supervision of school personnel, but was standing in front of the school's iron gates on the public sidewalk of Lancaster Avenue with the intention of crossing the street from south to north. After he had pressed the pedestrian signal button on the sidewalk pole, and while waiting for the traffic light to change, plaintiff attempted to cross Lancaster Avenue against the light and was

struck by an automobile. Plaintiff admitted that he had previously crossed the intersection at that same location and that traffic control signals were visible. Plaintiff's actions were witnessed by his classmate and friend, Matthew Oglesby. The two teenagers left school together, but Mr. Oglesby did not attempt to cross Lancaster Avenue, deciding instead to wait for the light to change.

Plaintiffs' complaint alleges that The Haverford School had an affirmative duty to provide a safe crossway at the intersection of Lancaster Avenue and Booth Lane for its students, and was negligent in the fulfillment of that duty in the following ways: failure to provide a crossing guard, failure to warn students of the danger of the intersection, failure to notify other agencies of the necessity of posting warnings at the intersection, failure to acknowledge prior accidents at the intersection, failure to correct the danger at the intersection, and indifference to the safety of its students, all of which were the proximate cause of Robert Watson's injuries.

Plaintiffs filed a timely notice of appeal from the order of this court dated November 14, 1995, granting the motion for summary judgment in favor of the defendant, The Haverford School.

## ISSUE

The plaintiffs/appellants, Priscilla Watson and Robert Watson Jr., have set forth seven issues in the concise statements of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b); however, the undersigned believes that all points are resolved by addressing the single issue of whether this court erred in ruling that the defendant/appellee, The

Haverford School, owed Robert Watson no duty of care as a matter of law under the circumstances.

## DISCUSSION

A motion for summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pennsylvania Rules of Civil Procedure, Rule 1035(b). *Capuzzi v. Heller,* 418 Pa. Super. 550, 614 A.2d 775 (1992). In deciding whether the movant has met this burden, the trial court's ultimate inquiry is "whether the admissible evidence in the record, considered in the light most favorable to the respondent to the motion, fails to establish a prima facie case." *Johnson v. Harris,* 419 Pa. Super. 541, 548-49, 615 A.2d 771, 775 (1992). (citations omitted) "The court's responsibility is to determine whether a genuine issue of material fact exists; the court may not resolve such an issue. Moreover, the court should not enter summary judgment unless the case is free from doubt. . . . In reviewing the entry of summary judgment by the trial court, however, [the Superior Court] will not overturn that decision unless there has been an error of law or a clear abuse of discretion." *Thompson v. Anderson,* 429 Pa. Super. 532, 534-35, 632 A.2d 1349, 1351 (1993). (citations omitted)

Under both the law of Pennsylvania and traditional principles of tort law, a cause of action for negligence requires proof of four elements: the existence of a duty obliging the actor to conform to particular standards of conduct for the protection of others against unreasonable risks; failure to conform to the standards required; a causal connection between the conduct and

injury suffered; and actual damage or loss to the injured party. *City of Philadelphia v. Estate of Dennis,* 161 Pa. Commw. 69, 636 A.2d 240 (1993); *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983); *In re TMI,* 67 F.3d 1103, 1117 (3d Cir. 1995); Prosser on the Law of Torts §30, at 164-65 (6th ed. 1985). Appellants contend that the facts in the instant case present the existence of an affirmative duty on the part of The Haverford School to provide a safe crossway at the intersection of Lancaster Avenue and Booth Lane for its students, and that the appellee was negligent in the fulfillment of that duty. It is the function of the court to decide whether the facts give rise to any legal duty on the part of the defendant. Restatement (Second) of Torts §328B (1965). The court lists below the uncontroverted facts relating to the duty of the appellee based on the pleadings, depositions, answers to interrogatories, admissions, and supporting affidavits submitted by each party:

(1) Appellant Robert Watson Jr. was injured as the direct result of an automobile-pedestrian accident at approximately 2:25 p.m. on March 3, 1986.

(2) The accident occurred at the intersection of Lancaster Avenue and Booth Lane in Haverford, Pennsylvania.

(3) Appellant was born on March 15, 1972; he was, therefore, 12 days away from his fourteenth birthday.

(4) Appellant became a seventh grade student at The Haverford School in September 1985.

(5) At the time of the accident, appellant had completed his school day and had left the school's premises.

(6) At the time of the accident, appellant was not en route to a school-related activity.

(7) At the time of the accident, appellant was not under the supervision of school personnel.

(8) Appellant was standing on a public sidewalk and pushed the pedestrian-controlled signal button to change the traffic light which regulated traffic on Lancaster Avenue and Booth Lane.

(9) Appellant was accompanied by a friend and classmate, Matthew Oglesby.

(10) Appellant did not wait for the traffic light to change, but attempted to cross the four-lane highway against the light.

(11) Matthew Oglesby did not run into the highway against the light, but remained on the sidewalk.

(12) Appellant testified that he had crossed the highway at that same intersection prior to the date of the accident.

(13) Appellant testified that the traffic control signals were visible.

(14) Appellant was struck by a motor vehicle driven by Lika Tov, a defendant named in the appellants' complaint.

Appellants admit that there is no statutory duty for private schools to provide a safe crossway on highways which are located in their immediate vicinity. See Pennsylvania Vehicle Code, 75 Pa.C.S. §101 et seq.; Private License Schools Act, 24 Pa.C.S. §6701 et seq. Neither is such a duty promulgated under either Montgomery County or Haverford Township local rules and regulations. Appellants claim, therefore, that the duty arises from principles found within the common law and based upon public policy and foreseeability, and in those situ-

ations in which the tort feasor is best able to prevent the risk of injury. This court remains unpersuaded.

A fact situation that leads an actor to believe that affirmative action is necessary for the protection of others does not create the duty to act, in and of itself. Restatement (Second) of Torts §314 (1965). Nonetheless, some special relations do give rise to such an affirmative duty to aid or protect. Restatement (Second) of Torts §314A (1965). Those special relationships within which the duty may arise include common carriers/passengers, innkeepers/guests, possessors of land/ members of the public, and custodians of others in circumstances which render them helpless. Robert Watson Jr. and The Haverford School were not involved in a special relationship equivalent to the preceding relationships, although appellants cite as authority the case of *Kleinknecht v. Gettysburg College,* 989 F.2d 1360 (3d Cir. 1993). The fact situation of *Kleinknecht* is dissimilar to and distinguishable from the case at bar, however. Drew Kleinknecht was a 20-year-old college student who had been recruited by the college to play lacrosse. He died after suffering cardiac arrest during a college-sponsored lacrosse practice. His parents appealed the district court's granting of summary judgment in favor of the college, and asserted three theories upon which they claimed the college had an affirmative duty to establish preventive measures to provide emergency medical treatment for its athletes: special relationship, foreseeability, and public policy. The Third Circuit Court of Appeals ruled in clear and specific language:

"[W]e predict that the Supreme Court of Pennsylvania would hold that the college owed Drew a duty of care

in his capacity as an intercollegiate athlete engaged in school-sponsored intercollegiate athletic activity for which he had been recruited." *Id.* at 1369.

"Our holding is narrow. It predicts only that a court applying Pennsylvania law would conclude that the college had a duty to provide prompt and adequate emergency medical services to Drew, one of its intercollegiate athletes, while he was engaged in a school-sponsored athletic activity for which he had been recruited." *Id.* at 1371.

"The Supreme Court of Pennsylvania has recently announced that: 'In determining the existence of a duty of care, it must be remembered that the concept of duty amounts to no more than "the sum total of those considerations of policy which led the law to say that the particular plaintiff is entitled to protection" from the harm suffered.' [This language] strengthens our belief that [the Supreme Court of Pennsylvania] would hold that the policies supporting [the] theories of [special relationship and foreseeability] are themselves sufficient to require the college to adopt preventive measures reasonably designed to avoid possible death from a life-threatening injury a recruited athlete suffers during an intercollegiate athletic activity." *Id.* at 1371-72. (citations omitted)

Robert Watson Jr. was not acting within the scope of any special relationship at the time of his accident. He had completed the day's schoolwork and had physically exited the school grounds. Appellant was standing on a public sidewalk and was not en route to a school-sponsored activity. This court concludes that the facts and circumstances found herein do not create a unique duty based upon the very narrow holding of *Kleinknecht* in Mr. Watson's case.

Appellants also present numerous letters from school officials, local residents, state legislators, and expert witnesses, in addition to the results of engineering and traffic studies conducted by both Lower Merion Township and PennDOT, as supplemental support for the proposition that the foreseeability of a student being injured while running across the busy highway adjacent to appellee's property creates the duty to provide a safe crossway at that specific location. It is noted by the court that both Lower Merion Township and PennDOT concluded that the intersection did not qualify as a school zone and denied The Haverford School's request for flashing school speed limit signs as a result of their investigations and the studies conducted. As authority for its averment that foreseeability and public policy create an affirmative duty for The Haverford School to provide this safe crossway, appellants cite *Bottorf v. Waltz,* 245 Pa. Super. 139, 369 A.2d 332 (1976). *Bottorf* was a case of first impression involving the standard of care required of a teacher supervising a student who was burned while using burning candle wax in art class. The court reiterated a summary of the applicable law:

"An examination of the cases and commentaries discloses that three basic duties arise from the teacher-student relationship: (1) the duty to supervise; (2) the duty to exercise good judgment; and (3) the duty to instruct as to correct procedures, particularly (but not exclusively) when potentially hazardous conditions or instrumentalities are present. These basic duties must co-exist with the whole purpose for the teacher-student relationship, viz. education." *Id.* at 144, 369 A.2d at 334. (citations omitted)

The Superior Court then recited the facts from which the lower court had determined that the aggregate effect

of those examples of the art teacher's lack of supervision amounted to negligence as a matter of law to support a judgment n.o.v. against the defendant-teacher. In reversing and remanding, the *Bottorf* panel found that every risk created by the actions of the defendant was counterbalanced by precautions that a jury could find to be sufficient to overcome a finding of negligence. *Id.* at 144-45, 369 A.2d at 335. Appellants apparently maintain that the student-teacher relationship in *Bottorf* is equivalent to the case at bar, and can be utilized as a standard by which to measure the foreseeability of Robert Watson's injuries. Again, this court finds no basis for that conclusion based upon the uncontradicted facts.

Finally, the court is persuaded that to create the duty for a private establishment such as The Haverford School to provide a safe crossway on Lancaster Avenue would, by extension of public policy considerations, likewise require each and every establishment that serves a similar population on a busy highway like Lancaster Avenue to provide a safe crossway. Appellee's argument that businesses such as ice cream parlors, movie theaters, fast food restaurants, and candy stores would be affected by the establishment of such a duty is well-considered.

The court's decision on the within motion for summary judgment is predicated upon those criteria set forth in the Pennsylvania Rules of Civil Procedure, Rule 1035(b), and as such it will not and did not consider those ancillary propositions offered by the parties including the doctrines of contributory negligence and assumption of the risk.

For the reasons set forth above, the decision of the court granting summary judgment in favor of appellee, The Haverford School, should be affirmed.