# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Bradley Center, a Pennsylvania   :
Non-Profit Corporation                          :
                                    :
              v.            :   No. 2028 C.D. 2016
                                    :   Argued: November 13, 2017
North Strabane Township, and      :
Linden Vue Homeowners Association,  :
Inc., and Majestic Hills Homeowners  :
Association                           :
                                    :
Appeal of: Linden Vue Homeowners  :
Association, Inc., and Majestic Hills  :
Homeowners Association          :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge (P)
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                       **FILED: February 12, 2018**

       The matter before this Court began with two separate but interrelated land use appeals filed in the Washington County Court of Common Pleas (Trial Court) by Gateway Rehabilitation Center (Gateway) concerning use of property owned by the Bradley Center. The first appeal, docketed as CV-2009-3302, was an appeal from the North Strabane Township Board of Supervisors' (Board) denial of Gateway's request to use property that Gateway had negotiated to purchase from the Bradley Center as a drug and alcohol treatment center for juveniles. The second appeal, docketed as CV-2009-8835, was an appeal from the North Strabane Township Zoning Hearing Board's (ZHB) decision that Gateway's proposed use of the property was not a continuation of a non-conforming use and that the prior non-

conforming use of the property was abandoned. The first appeal was resolved in separate proceedings. In the ZHB appeal, the Trial Court reversed the findings of the ZHB and determined that judicial estoppel precluded a decision on the merits of the issues raised by Linden Vue Homeowners Association, Inc., and Majestic Hills Homeowners Association, Inc. (collectively Associations). The Associations now seek this Court's review of the Trial Court's October 7, 2016 order in the ZHB appeal, as supplemented by its November 21, 2016 order. For the reasons that follow, we affirm the Trial Court.

The Bradley Center purchased the property at issue in 1999 and was granted a conditional use to use the property as a residential treatment facility. The property had previously been used as a psychiatric hospital. In 2006, North Strabane Township (Township) adopted a new zoning map and the new zoning map rendered the Bradley Center's use of the property a legal non-conforming use. In 2008, the Bradley Center entered into an agreement of sale with Gateway, which intended to use the property as a youth residential treatment facility.

Pursuant to the Township's zoning code, an application for a change in occupancy is required when there is a change in the occupant of a property, regardless of whether the change in occupant results in a change in the use of a property. Gateway filed an application with the Township for a change in occupancy in an existing structure in order to operate a youth residential treatment facility at the property. Gateway's application was treated as a request for a conditional use and was sent to the Planning Commission, which recommended approval; however, when Gateway's application reached the Board, it denied the request. During the same time period, Gateway sought relief from the ZHB because it had applied to the Township's zoning officer for a certificate of use and occupancy as a continuation of a legal non-conforming use and the zoning officer had failed to issue a timely

2

decision. The ZHB denied approval of Gateway's proposed use of the property. Before both the Board and the ZHB, the Associations and various neighbors appeared and objected to Gateway's proposed use of the property.

As noted above, Gateway appealed the ZHB and Board decisions to the Trial Court. While the appeals were pending, Gateway withdrew its offer to purchase the property from the Bradley Center and the Bradley Center was substituted for Gateway as the appellant in both appeals. The Township was listed as the appellee in both appeals. Linden Vue Homeowners Association, Inc. (Linden Vue), one of the Associations, filed a Notice of Intervention in both the Board and the ZHB appeals soon after they were filed in the Trial Court. Linden Vue was added to the caption in the ZHB appeal, but was not added to the caption in the Board appeal. Counsel for Linden Vue was listed on both dockets. However, Linden Vue did not file a petition to intervene in either case.

The appeal from the Board's decision settled via a motion for a consent order granted by the Trial Court on October 3, 2012. The substantive section of the consent order provides:

> (1) the property has never been abandoned;
>
> (2) the Bradley Center continues to own the property and/or market the property for sale or lease with the original intended use as a youth residential treatment facility;
>
> (3) it is expressly understood and agreed that the use of the property as a youth residential treatment facility was not and is not abandoned;
>
> (4) the prothonotary of Washington County is directed [to] mark this action as settled and discontinued.

3

(Consent Decree, Docket CV-2009-3302.) Linden Vue did not receive notice of the consent decree and did not appear before Judge O'Dell Seneca to oppose the order. Linden Vue became aware of the consent decree in December 2013 and filed a motion to vacate the consent order, after which the matter followed a convoluted procedural path that eventually led to this Court. The appeal from the ZHB's decision was stayed by the Trial Court until the Board appeal was resolved, which it finally was on February 16, 2016.[1]

On April 28, 2016, the Trial Court lifted the stay and allowed discovery in the aim of determining whether the Associations' request to vacate the October 3, 2012 consent order should be granted as a part of the appeal from the ZHB decision. On October 7, 2016, the Trial Court issued an opinion and order reversing the underlying ZHB opinion, leaving in place the consent order, and concluding that judicial estoppel precluded the relief sought by the Associations. The Trial Court stated that "[t]his Court finds that the [Associations] are not being candid with the tribunal in alleging that there are different issues between the two cases when that is not so. In other words, the [Associations] are attempting to collaterally attack the Consent Order filed at CV-2009-3302 after having missed their opportunity," in the appeal of the Board's decision. (Trial Court Op. at 7.)

---

[1] This Court issued an unpublished decision, *Bradley Center v. North Strabane Township*, (Pa. Cmwlth. Nos. 307 C.D. 2014, 360 C.D. 2014, filed March 31, 2015), 2015 WL 5332132, affirming two orders issued by the Court of Common Pleas: (1) an order vacating an earlier order that had stayed the consent decree and permitted the Associations to intervene in the Board Appeal; and (2) an order denying Linden Vue's request to appeal *nunc pro tunc* from an order denying Linden Vue's request to vacate the consent decree. Reargument and rehearing *en banc* was denied on May 15, 2015. The Pennsylvania Supreme Court denied the Associations' Petition for Allowance of Appeal on December 31, 2015 and Application for Reconsideration on February 16, 2016. *Bradley Center v. North Strabane Township*, 130 A.3d 1292 (Pa. 2015) (table) and *see* (Pa. Nos. 231 WAL 2015, 232 WAL 2015, filed February 16, 2016).

On November 4, 2016, the Trial Court granted the Associations' request for reconsideration and stayed its October 7, 2016 order pending review of the parties' arguments. On November 21, 2016, the Trial Court entered a third order making the October 7, 2016 order final and the Trial Court issued a supplemental opinion. In the supplemental opinion, the Trial Court addressed judicial estoppel and separately addressed mootness. The Trial Court concluded that the ZHB Appeal was moot for two reasons. First, because Gateway had been seeking an occupancy permit, the appeal became moot when the sale to Gateway fell through and the Bradley Center was substituted as a party. Second, in November 2013, Southwood Psychiatric Hospital, LLC (Southwood), purchased the property from the Bradley Center and applied for an occupancy permit from the Township, which the Township granted. The Associations are currently seeking to have the Trial Court void the occupancy permit issued to Southwood; that action is docketed in the Trial Court at CV-2014-00238. On December 14, 2016, the Associations filed a request to have the Trial Court vacate its November 21, 2016 order and that request was denied. This appeal followed.

Before the ZHB, the Associations took the position that the matter proceeding before the Board, which was ultimately appealed to the Trial Court and settled via a consent decree, presented identical issues to the matter the ZHB was being asked to determine: whether use of the property had been abandoned or was continued as a nonconforming use. Following the conclusion of the Board Appeal, the Associations argued to the Trial Court that those proceedings did not contain identical issues and the question of whether an occupancy permit should be granted or denied was left unresolved by the consent decree. The Trial Court concluded that judicial estoppel precluded the Associations from advancing this argument because they prevailed on the contrary proposition before the ZHB. The question before this

5

Court is whether the Trial Court erred in concluding that the doctrine of judicial estoppel precludes a decision on the merits. As the question is one of law, our scope of review is plenary and our standard of review is *de novo*. *O'Neill v. Philadelphia Zoning Board of Adjustment*, 169 A.3d 1241, 1244 (Pa. Cmwlth. 2017).

Judicial estoppel has been defined by the United States Supreme Court as a rule that "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (*quoting Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)). Our Supreme Court summarized the doctrine in *Trowbridge v. Scranton Artificial Limb Co.*, 747 A.2d 862 (Pa. 2000), stating:

> As a general rule, a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained. "Federal courts have long applied this principle of estoppel where litigants 'play fast and loose' with the courts by switching legal positions to suit their own ends." The purpose of this doctrine is to uphold the integrity of the courts by "preventing parties from abusing the judicial process by changing positions as the moment requires."

*Id*. at 865 (internal citations omitted). Judicial estoppel "depends on the relationship of one party to one or more tribunals," rather than the relationship between the parties. *In re Estate of Bullotta*, 838 A.2d 594, 596 (Pa. 2003). Judicial estoppel applies where (1) a party assumed an inconsistent position in an earlier action; and (2) the party's contention was successfully maintained. *Marazas v. Workers' Compensation Appeal Board (Vitas Healthcare Corp.)*, 97 A.3d 854, 859 (Pa. Cmwlth. 2014).

6

In *Marazas*, a workers' compensation claimant alleged that judicial estoppel precluded employer's denial of his employment status because employer had argued in a prior related civil suit that claimant was an employee and his exclusive remedy was under the Workers' Compensation Act.[2] This Court held that judicial estoppel did not apply because the claimant had voluntarily dropped his civil suit. *Id*. at 861. We reasoned that the "successfully maintained" element of judicial estoppel looks to the action of the decision-maker, not the parties. *Id*.

The overriding purpose of judicial estoppel is to ensure candor to the tribunal. Although the Associations contend that the Trial Court erred by basing the application of judicial estoppel upon the legal positions taken in the proceedings, we disagree. Judicial estoppel applies to sworn facts or judicial admissions, and to legal argument. *See Hospital & Health Association of Pennsylvania v. Commonwealth*, 77 A.3d 587, 596 n.9 (Pa. 2013) (holding that the Commonwealth is judicially estopped from arguing that it cannot comply with the remedy sought because it prevailed on the opposite contention in opposition to an earlier sought preliminary injunction). In *Gross v. City of Pittsburgh*, 686 A.2d 864 (Pa. Cmwlth. 1996), the city introduced evidence in a federal civil rights trial that the city later attempted to disprove in a state eminent domain action, and this Court held that the city could not introduce contradictory evidence in the state eminent domain proceedings simply because it better suited the city's own ends. *Id*. at 867. In *Thompson v. Anderson*, 632 A.2d 1349 (Pa. Super. 1993), a plaintiff successfully maintained an action at arbitration based on the theory of injury by intentional act and was subsequently estopped from arguing in the same action that the injury occurred because of a defendant's negligence. *Id*. at 1351.

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

The Associations also argue that the evidence cited by the Trial Court, a transcript containing legal argument made by Linden Vue's counsel at a 2009 ZHB hearing, does not permit application of judicial estoppel to Majestic Hills because counsel for the Associations did not represent Majestic Hills at the time of the hearing. In support of this position, the Associations rely upon *Canot v. City of Easton*, 37 A.3d 53 (Pa. Cmwlth. 2012), where this Court held that judicial estoppel did not preclude the legal and factual argument put forth by the city because the city had not participated in the prior proceedings. *Id*. at 61. What distinguishes this matter from *Canot* is that Majestic Hills did participate in the prior proceedings; although Majestic Hills and Linden Vue were not represented by the same counsel in the prior proceeding, the Associations advanced the same position and successfully convinced the decision-makers of their position. The fact that Majestic Hills later retained the same counsel as Linden Vue is of no moment.

The record clearly reflects that the Associations maintained that the matter originating before the Board and the matter originating before the ZHB involved the same issues, specifically whether or not the use of the property had been abandoned, thereby precluding Gateway's intended use, or whether Gateway's use would be permitted as the continuation of a nonconforming use. We agree with the Trial Court's conclusion that the Associations' attempt to now argue that the issues are different is merely another attempt to collaterally attack the consent order settling the Board appeal after having missed their chance to properly challenge the consent order in the Board appeal.

Furthermore, we also agree with the Trial Court's conclusion that even if judicial estoppel did not prevent the Trial Court from reaching the merits, a resolution on the merits would be precluded by the mootness doctrine. A case becomes moot if there is a change in circumstances or the law that eliminates the

8

original controversy, thereby depriving the court of the ability to issue a meaningful order. *Burke ex rel. Burke v. Independence Blue Cross*, 103 A.3d 1267, 1271 (Pa. 2014). In *In re Gross*, 382 A.2d 116 (Pa. 1978), a patient at a psychiatric facility had sought to enjoin the facility from administering medication against his will. Our Supreme Court held that the case was moot because when the matter reached the Court, the plaintiff was no longer a patient and the Court had nothing to enjoin. *Id.* at 120-121. Similarly, the Court held in *Department of Transportation, Bureau of Driver Licensing v. Boros*, 620 A.2d 1139 (Pa. 1993), that one of the four consolidated cases involving license recalls was moot because the appellee died while the appeal was pending. *Id.* at 1140 n.1.

In the instant matter, a change in circumstances occurred when the Bradley Center and Gateway terminated their purchase agreement. Under the Township's zoning ordinance, a change in ownership triggers the need to apply for an occupancy permit. The Associations' current argument is that the Board appeal did not decide the issue of whether a permit for a change in occupancy in an existing structure should be issued for Gateway to operate a youth residential treatment facility at the property. However, Gateway withdrew its offer to purchase the property from the Bradley Center for use as a youth residential treatment center and is no longer a party to this action. Therefore, the issue of whether Gateway should be issued an occupancy permit is moot. Moreover, the Bradley Center no longer owns the property.

Accordingly, the final order of the Trial Court is affirmed in full.

_____
**JAMES GARDNER COLINS, Senior Judge**

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Bradley Center, a Pennsylvania :
Non-Profit Corporation :
 :
    v. : No. 2028 C.D. 2016
 :
North Strabane Township, and :
Linden Vue Homeowners Association, :
Inc., and Majestic Hills Homeowners :
Association :
 :
Appeal of: Linden Vue Homeowners :
Association, Inc., and Majestic Hills :
Homeowners Association :


# **O R D E R**


AND NOW, this 12th day of February, 2018, the final order of the Washington County Court of Common Pleas in the above-captioned matter is AFFIRMED.


_____
**JAMES GARDNER COLINS, Senior Judge**