Leroy Butler, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Respondent.

Argued September 17, 1981, before President Judge CRUMLISH and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*Garnita M. Selby, Selby and Merriweather,* for petitioner.

*Robert E. Silverman,* Assistant City Solicitor, with him *Judith N. Dean,* Deputy City Solictior, and *Alan J. Davis,* City Solicitor, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 28, 1982:

Leroy Butler appeals a Workmen's Compensation Appeal Board order which vacated a referee's decision

directing a further payment of $1,530.00 in medical expenses. We affirm.

This is another burden of proof case. The facts follow: Butler was injured while employed by the City of Philadelphia and they entered into an Agreement of Compensation for disability; the City to pay Butler $781.71 in compensation and $1,530.00 in medical expense. The City issued a check to Butler for the total amount of $2,311.71, which he endorsed and cashed. Butler, when pursued by his physician for payment of fees, filed a claim for these medical expenses which he asserted had not been paid.[1]

Butler's physician, the only witness before the referee, testified that he had not been paid the $1,530.00 owed him. Based on this testimony, the referee directed the City to pay Butler $1,530.00.

On appeal, the Board took additional evidence in accordance with Section 854 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §854. The City introduced the cancelled check and the initial computations showing the specific breakdown of the $2,311.71, purporting to include the $1,530.00 in medical expenses. Based on this evidence, the Board vacated the portion of the referee's order directing the City to pay the additional $1,530.00, finding that Butler had already been paid for his medical expenses.

Our scope of review where the party with the burden of proof has prevailed below[2] is whether the Board has committed an error of law, violated constitutional

---

[1] Butler now contends that his physician is owed an additional $1,530.00 but has not offered any evidence to support this contention.

[2] This is not an attempt to modify or terminate an agreement, but is merely a factual dispute as to whether or not a certain medical bill was paid. Thus, the City, as appellant, bore the burden of proof before the Board to refute the evidence which had been offered before the referee.

rights or whether its findings were supported by substantial evidence. *International Petroleum Service v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 141, 430 A.2d 1055 (1981).

The substituted findings of the Board are supported by substantial evidence. Affirmed.

ORDER

The order of the Workmen's Compensation Appeal Board, No. A-73201, dated September 25, 1980, is affirmed.

Judge PALLADINO did not participate in the decision in this case.