Port Authority of Allegheny County, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Michael V. D'Agostino, Deceased, by Nellie, His Widow, Respondents.

Argued February 3, 1982, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Jeffrey M. Johnston, Ruffin, Hazlett, Snyder, Brown & Stabile,* for petitioner.

*Edwin H. Beachler,* with him *William R. Caroselli, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, Nellie D'Agostino.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 3, 1982:

Port Authority of Allegheny County (PAT) appeals a Workmen's Compensation Appeal Board order[1] awarding death benefits[2] to the wife of Michael D'Agostino. We affirm.

D'Agostino, a bus driver for PAT, sustained a fatal heart attack while shoveling foot-deep snow around his vehicle in PAT's employee lot.

To be compensable under Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act,[3] an injury must arise in the course of employment and be related thereto. *Workmen's Compensation Appeal Board v. U.S. Steel Corp.,* 31 Pa. Commonwealth Ct. 329, 376 A.2d 271 (1977). An employee, although not furthering his employer's business, is within the course of his employment if he is on the premises oc-

---

[1] A previous Board order (Docket No. A-76579) vacated and remanded the referee's decision for further findings of fact on the issue of whether or not the snow shoveling activity caused decedent's death. This appeal is based on those findings.

[2] The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §561.

[3] 77 P.S. §411(1).

cupied by or under the control of the employer, is required by the nature of his employment to be present on the employer's premises and has sustained injuries caused by the condition of the premises. *U.S. Steel Corp.*

PAT asserts that the referee erred in determining that:

> (1) the nature of decedent's employment required him to be on PAT's premises one and one-half hours after the completion of his work day;
>
> (2) the unusual climatic conditions at the time of decedent's death were a 'condition of the employer's premises;' and
>
> (3) the decedent's heart attack was related to his employment.

Our scope of review where the party with the burden of proof has prevailed below is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary findings of fact were supported by substantial evidence. *Butler v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 315, 439 A.2d 1329 (1982).

The referee found, and the record fully supports, that the decedent was on PAT's premises an hour and a half after his work shift ended[4] due to the significant amount of snow which had to be shoveled from around his car. His presence on the employer's premises for this additional period of time was neither un-

---

[4] Decedent's final bus trip for the day ended at 4:55 p.m. Afterwards, he secured a shovel, went to the parking lot and began to shovel the snow from around his car. Between 6:00 p.m. and 6:10 p.m., he walked to the bus garage and complained to a fellow employee about the condition of the parking lot. He was not seen alive after that. His body was discovered alongside his car at 6:25 p.m. An area 18 feet long and 2 feet wide had been shoveled along the left side of his car.

reasonable nor unusual under the conditions. *See Fetzer v. Michrina*, 8 Pa. Commonwealth Ct. 273, 301 A. 2d 924 (1973).

Since the weather conditions were so severe, PAT argues that this is not a "condition of the employer's premises" within the meaning of the Act. This contention is frivolous, but we will put it to rest. Under Section 301(c)(1), the cause or reason for the condition of the employer's premises is irrelevant. *U.S. Steel Corp.* Obviously, PAT was not responsible for the large snow accumulation in its parking lot. Nevertheless, the snow was a condition of the parking lot which necessitated D'Agostino to shovel his car free.

PAT further asserts that this shoveling activity was not related to decedent's employment in that it was performed off duty and had no connection with his work activities. This assertion is meritless. "If the condition of the premises or the employer's operation thereon caused the injuries, they are compensable. Obviously, if they were so caused, [the] injuries and death were also *related to [the] employment.*" *U.S. Steel Corp.* (emphasis added). Since there is sufficient medical testimony in the record to support the referee's finding that decedent's heart attack was the direct result of the snow shoveling activity, this death is compensable.

Affirmed.

### Order

The Workmen's Compensation Appeal Board order, No. A-79215, dated February 13, 1981, is affirmed, and judgment is entered in favor of Nellie D'Agostino at the rate of $192.09, commencing January 20, 1978, and continuing within the limitations of the Workmen's Compensation Act. The petitioner, self-insured, is directed to reimburse the claimant for burial expense incurred in the amount of $1,500. Interest is

payable on all deferred payments of compensation and on the funeral expense of $1,500 at the rate of ten percent (10%) per annum. Reasonable attorney fees in the amount of $3,995.48 and unassessable costs of prosecution in the amount of $254.30 are to be deducted from said deferred compensation and forwarded directly to McArdle, Caroselli, Spagnolli & Beachler, 1100 Law & Finance Building, Pittsburgh, PA 15219.

All payments of interest, remaining compensation and the aforementioned funeral expense of $1,500 shall be paid directly to the claimant.

The petitioner, self-insured, is further directed to reimburse claimant's counsel for reasonable costs incurred in the amount of $756.12.

Judge MENCER did not participate in the decision in this case.