# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Marazas,                     :
            Petitioner      :
                           :
        v.                   :     No. 337 C.D. 2014
                           :     Submitted: June 20, 2014
Workers' Compensation Appeal     :
Board (Vitas Healthcare Corporation),   :
              Respondent    :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ANNE E. COVEY, Judge

**OPINION**
**BY JUDGE SIMPSON**                **FILED: August 11, 2014**

Paul Marazas (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that reversed the decision of a Workers' Compensation Judge (WCJ) to grant Claimant's claim petition. After a remand, the WCJ awarded benefits, finding Claimant sustained his injury within the course and scope of his employment under Section 301(c) of the Workers' Compensation Act (Act).[1] The Board reversed, concluding Claimant's injury only related to work by way of his termination of the employment relationship. Claimant asserts judicial estoppel precludes denial of his employee status based on a prior related civil suit. Further, Claimant argues the Board erred as a matter of law in concluding he was not acting in the scope of his employment at the time of his injury. Based on the WCJ's findings and credibility determinations, we reverse the Board and reinstate the WCJ's order after remand.

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §411(c).

# I. Background

On the date of his injury, Claimant was employed by Vitas Healthcare Corporation (Employer) as a driver technician. He delivered and picked up medical equipment, including medical furniture, in New Jersey, Delaware and Pennsylvania.

Following a weekend when he was on-call, Claimant reported for work at Employer's premises to receive his daily itinerary. Upon arrival, Claimant reviewed his list of assigned stops, in three states, which would take him until midnight to complete. Then, Claimant went to the office to advise his manager, Rita Carroll (Manager), that he was tired after the on-call weekend. There, he requested she remove some stops from his itinerary. Manager refused.

After stating he could not continue under those conditions, Claimant turned in his keys and phone to Manager, indicating he quit. Manager informed Claimant that he needed to remove his personal belongings from the truck, and she escorted Claimant to do so pursuant to Employer's policy. After removing items from the truck as directed, Claimant tripped over a pallet jack while walking to the warehouse on Employer's premises. He fell on his left side, sustaining injuries. Manager observed Claimant's fall. Subsequently, Manager walked Claimant to his vehicle, at which time Claimant left Employer's premises.

Days later, Claimant called Manager, advising her of his injury and requesting referral to a panel physician. Manager informed him such physicians were limited to active employees.

2

Initially, in 2007, Claimant filed a civil suit in the Delaware County Court of Common Pleas, Civil No. 07-13411, seeking damages for his injury as a business invitee. However, Claimant withdrew that action after Employer pled that Claimant was in the scope of employment at the time of his injury. Employer thus defended the case based on the exclusiveness of Claimant's remedy under the Act.

After withdrawing his civil suit, Claimant filed a claim petition, alleging work-related injuries to his left ankle and left knee, and upper, middle and lower back pain, sustained during the scope of his employment. The WCJ held a series of hearings where Claimant and Employer's witness, Manager, testified. Finding Claimant and his physicians credible,[2] the WCJ awarded benefits for a closed period, from November 7, 2005 through July 9, 2008.

Specifically, the WCJ found that Manager witnessed Claimant's fall, after he tripped on equipment owned by Employer on Employer's premises. The WCJ credited Claimant's testimony as to the circumstances surrounding his fall. The WCJ discredited Employer's witnesses, finding them "unpersuasive," other than to the extent that they corroborated Claimant's fall on Employer's premises. WCJ Decision, 5/28/09, Finding of Fact (F.F.) No. 13.

Employer appealed, arguing that Claimant terminated his employment prior to sustaining the injury, so that his injury was not covered by the Act. The Board vacated and remanded the WCJ's order, directing the WCJ to assess whether Claimant was within the scope of employment at the time of his injury.

---

[2] Claimant's medical condition is not challenged in this appeal.

The WCJ held a brief hearing on remand in order to admit certain documents into evidence. Over Employer's objection, the WCJ admitted the complaint Claimant filed in the Court of Common Pleas, Employer's answer and new matter, attested to by Manager, as well as the praecipe to withdraw. See WCJ Remand Hr'g, Notes of Testimony (N.T.), 10/12/10, at 7. Importantly, in the pleadings, Employer admitted Claimant was its employee, such that the Act provided an exclusive remedy.

On remand, the WCJ found that Claimant quit his employment prior to his injury. Nevertheless, she found Claimant was within the scope of his employment when he fell on Employer's premises. Significantly, the WCJ found Claimant was furthering Employer's interests at the time of injury because "[he] was injured where his Employer had directed him to go and perform a requested task." WCJ Remand Op., 7/28/11, F.F. No. 3. She emphasized Claimant was "directed to return to his truck" and was "performing the required acts" when injured. Id.

In her remand opinion, the WCJ adopted her earlier decision in full, and supplemented it with specific findings regarding scope of employment. Again, the WCJ found a work-related injury and awarded workers' compensation benefits. Employer appealed.

Applying this Court's then recent decision in Little v. Workers' Compensation Appeal Board (B&L Ford/Chevrolet), 23 A.3d 637 (Pa. Cmwlth. 2011), the Board again reversed the WCJ. The Board reasoned Claimant was not within the scope of employment at the time of his injury because he quit before he

4

fell. His injury occurred as a consequence of the final act of employment. Thus, under <u>Little</u>, the Board concluded Claimant's injury was not compensable.

Claimant now petitions for review.[3]

## II. Discussion

As an initial matter, Claimant argues Employer is judicially estopped from asserting he was not an employee at the time of his injury because of its admissions in a civil suit arising from the same injury. Claimant sued Employer as a business invitee in the Delaware County Court of Common Pleas. As a defense, Employer alleged Claimant's injury occurred while he was an employee.

Claimant also assigns legal error to the Board in concluding that he was not within the course and scope of employment at the time of his injury. Employer contends that because Claimant quit his employment immediately prior to the work injury, he was no longer in the scope of employment. We address each issue in turn.

## A. Judicial Estoppel

First, Claimant argues that Employer's admissions regarding his status as an employee in pleadings in the civil suit estop Employer from denying that fact in the workers' compensation proceeding. He contends Employer is bound by those prior inconsistent statements and the doctrine of judicial estoppel applies.

---

[3] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. <u>Cooney v. Workers' Comp. Appeal Bd. (Patterson UTI, Inc.)</u>, __ A.3d __, (Pa. Cmwlth., No. 1681 C.D. 2013, filed June 12, 2014), 2014 WL 2615423.

5

As to the doctrine of judicial estoppel, this Court recognizes:

'[a]s a general rule, a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained. Accordingly, judicial estoppel is properly applied only if the court concludes the following: (1) that the appellant assumed an inconsistent position in an earlier action; and (2) that the appellant's contention was "successfully maintained" in that action.'

Canot v. City of Easton, 37 A.3d 53, 60 (Pa. Cmwlth. 2012) (quoting Black v. Labor Ready, Inc., 995 A.2d 875, 878 (Pa. Super. 2010)).

As a preliminary matter, we note the WCJ did not err in admitting Employer's prior inconsistent statements from the prior civil action on remand. Tarr v. Workers' Comp. Appeal Bd. (McInnes Steel Co.), (Pa. Cmwlth., No. 2280 C.D. 2011, filed Jan. 23, 2013), 2013 WL 3961026 (unreported). A WCJ may consider prior inconsistent statements when assessing witness credibility. Id.

We also reject Employer's argument that Claimant waived the judicial estoppel argument because he did not raise it to the Board, prior to the remand. The Board vacated the WCJ's initial order, in Claimant's favor, and remanded for more specific findings regarding Claimant's employment status. Notably, the Board's order on remand did not preclude the acceptance of additional evidence. Over Employer's objection, the WCJ admitted pleadings from the civil suit. Such evidence was relevant to determining Claimant's employment status, for which the Board sought specific findings. Given Claimant's success before remand, and the

6

lack of restrictions on additional evidence on remand, we discern no merit in the waiver argument. Therefore, we will assess the merits of the judicial estoppel issue.

The purpose of judicial estoppel is to ensure the parties do not play "fast and loose" with the facts in order to suit their interests in different actions before different tribunals. Sunbeam Corp. v. Liberty Mut. Ins. Co., 781 A.2d 1189 (Pa. 2001); Trowbridge v. Scranton Artificial Limb Co., 747 A.2d 862, 865 (Pa. 2000) ("the purpose of the doctrine is to uphold the integrity of the courts by preventing parties from abusing the judicial process by changing positions as the moment requires") (citations omitted); Gross v. City of Pittsburgh, 686 A.2d 864 (Pa. Cmwlth. 1996).

Employer conflates judicial estoppel with the doctrines of *res judicata* and collateral estoppel. Unlike those other doctrines, judicial estoppel does not require actual litigation to a final order. In re Adoption of S.A.J., 838 A.2d 616, 623 n.4 (Pa. 2003) (explaining judicial estoppel differs from collateral estoppel, which requires a final order). The reason for applying the equitable remedy of estoppel is the maintenance of two seemingly inconsistent positions, and thus a lack of candor with the tribunal and an affront to the integrity of the courts.

In this case, Employer primarily argues that Claimant was not an employee in the scope of employment at the time he fell. Employer maintains Claimant quit prior to his injury, and thus severed the employment relationship and the protections for workers' compensation that it affords. This is in marked

7

contrast to Employer's allegations while defending a suit Claimant filed in Delaware County.

Specifically, in its answer and new matter filed December 7, 2007, Employer admitted an employment relationship with Claimant on the date of the injury. Further, Employer averred: "At the time of [Claimant's] accident, [Claimant] was on Answering Defendant's premises within the course and scope of his employment." See Employer's Br. at 11 (citing Answer and New Matter Paragraphs 4 and 6). Therefore, Employer defended the civil action by denying Claimant's status as a business invitee; rather, Employer contended Claimant's "claims are barred by the [Act] … as the injuries alleged took place on the premises of his employer while acting in the scope of his employment." Id. (citing Answer and New Matter Paragraph 8). Allegedly in reliance on these representations, Claimant withdrew the civil action on January 7, 2008.

To estop later inconsistent statements, the original statements must be verified or sworn. Buehler v. Phila. & R. Ry. Co., 124 A. 325 (Pa. 1924). As Manager verified the content of Employer's pleadings, that element is met.

Moreover, admissions are limited to facts as opposed to legal conclusions. That the Act serves as Claimant's exclusive remedy constitutes a legal conclusion, not an admission. However, Employer *admitted* in the civil suit that Claimant was an employee of Employer "within the course and scope of employment" at the time of his injury. Employer's Br. at 11. This may be

8

construed as an admission of fact on which Employer reversed its position in the current litigation.

Such inconsistent representations raises the specter of impropriety that judicial estoppel was designed to avoid. Therefore, we evaluate whether Employer's inconsistent position satisfies the second element of judicial estoppel.

For judicial estoppel to attach, the position asserted also must have been "successfully maintained." Stated differently, the prior inconsistent statement must persuade the decision-maker. Phila. Suburban Water Co. v. Pa. Pub. Util. Comm'n, 808 A.2d 1044 (Pa. Cmwlth. 2002); see also Buehler (employer who mounted successful defense of jurisdiction, resulting in dismissal of action, is estopped from asserting inconsistent position in subsequent action); Wallace v. Workers' Comp. Appeal Bd. (Bethlehem Steel/Pa. Steel Tech.), 854 A.2d 613 (Pa. Cmwlth. 2004) (successfully maintain element not met when party does not advance the inconsistent position to gain unfair advantage in the later proceeding); Thompson v. Anderson, 632 A.2d 1349 (Pa. Super. 1993) (finding by arbitrators of intentional act estopped same party from arguing negligence in civil action).

Our courts interpret "successfully maintain" as different than litigating to conclusion. In re Adoption of S.A.J. Settlement of a claim, despite binding the parties and ending an action, does not equal "successfully maintain." Assoc. Hosp. Serv. of Phila. v. Pustilnik, 439 A.2d 1149 (Pa. 1981); Phila. Suburban Water Co.

Thus, our courts uphold the "successfully maintain" element of judicial estoppel based on the action of a decision-maker, not the actions of the parties. Id. Accordingly, we conclude that Claimant's act of voluntarily withdrawing his civil action does not qualify.

The reasoning of the Superior Court in Ham v. Gouge, 257 A.2d 650 (Pa. Super. 1969), applying judicial estoppel in the workers' compensation context, guides us here. Ham involved an action for personal injuries where the injured party asserted estoppel against his employer based on the denial of an employment relationship in his workers' compensation claim. The injured plaintiff in Ham asserted that he withdrew his prior action (his workers' compensation claim), based on his employer's representations in a pleading. Based on the pleadings in the prior action, Ham withdrew his compensation claim and pursued a civil suit for personal injuries, believing his employer agreed no employment relationship existed. The Superior Court held that withdrawal of a claim did not support estoppel in a subsequent action.

The Superior Court emphasized the necessity for an adjudication or decision based on the material statement at issue. The decision-maker must rely on the prior inconsistent statement in reaching its result. In Ham, "all that is present here is an unadjudicated inconsistent position taken by defendant in a prior proceeding voluntarily withdrawn by plaintiff." Id. at 653.

Here, as in <u>Ham</u>, there was no legal compulsion requiring Claimant's withdrawal.  Employer cannot be estopped from taking a position contrary to the one it never established.

Further, the party who asserts estoppel must prove the essentials thereof by unequivocal evidence.  <u>Blofson v. Cutaiar</u>, 333 A.2d 841 (Pa. 1975).  There is no evidence to support Claimant's alleged detrimental reliance, and the WCJ made no findings in this regard.  We decline to base our decision on mere suppositions, particularly as Claimant possessed equal knowledge as to his employment status.

For all the foregoing reasons, we decline to apply judicial estoppel here.

**B. Scope of Employment**

Whether an employee is acting within the course and scope of his employment is a legal determination to be made based on the WCJ's factual findings.  <u>Lewis v. Workers' Comp. Appeal Bd. (Andy Frain Servs., Inc.)</u>, 29 A.3d 851 (Pa. Cmwlth. 2011).

Here, the WCJ found that Claimant quit before he became injured.  WCJ Remand Op., F.F. No. 3.  However, there is no dispute that Claimant's injury occurred on Employer's premises.  Relevant here, the WCJ also found that, in addition to being on Employer's premises, Claimant was acting at Employer's direction, under Manager's supervision, to perform the required task of cleaning out

11

his truck when he fell.  Id.  Based on these findings, she concluded Claimant remained in the scope of employment at the time he was injured.

The phrase "arising in the course of employment" in Section 301(c)(1) of the Act is construed to include injuries sustained in furtherance of the business or affairs of the employer, as well as certain other injuries which occur on premises occupied or controlled by the employer.  Hoffman v. Workers' Comp. Appeal Bd. (Westmoreland Hosp.), 741 A.2d 1286, 1287 (Pa. 1999).

"The operative phrase 'actually engaged in the furtherance of the business or affairs of the employer,' which is usually expressed as 'in the course of employment,' must be given a liberal construction."  Wetzel v. Workers' Comp. Appeal Bd. (Parkway Serv. Station), 92 A.3d 130, 136 (Pa. Cmwlth. 2014) (quoting Lewis, 29 A.2d at 862); Mann v. City of Phila., 563 A.2d 1284 (Pa. Cmwlth. 1989).

This Court explained injuries may be sustained in the course of employment in two distinct situations:

> (1) where the employee, whether on or off the employer's premises, is injured while actually engaged in the furtherance of the employer's business or affairs, *or* (2) where the employee although not actually engaged in the furtherance of the employer's business or affairs (a) is on the premises occupied or under the control of the employer …; (b) is required by the nature of his employment to be present on his employer's premises; and (c) sustains injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon.

O'Rourke v. Workers' Comp. Appeal Bd. (Gartland), 83 A.3d 1125, 1131-32 (Pa. Cmwlth. 2014) (emphasis added) (quoting Workmen's Comp. Appeal Bd. (Slaugenhaupt) v. U.S. Steel Corp., 376 A.2d 271, 273 (Pa. Cmwlth. 1977)).

In analyzing the element "furthering the interest of the employer," this Court explained that once an employee is on an employer's premises, the act of going to or leaving the employee's work station is a necessary part of that employee's employment, and thus furthering the employer's interests. Allegheny Ludlum Corp. v. Workers' Comp. Appeal Bd. (Hines), 913 A.2d 345 (Pa. Cmwlth. 2006). More important than the temporal proximity of the injury to a claimant's shift is the claimant's purpose or activities during the time of injury. Ace Wire Spring & Form Co. v. Workers' Comp. Appeal Bd. (Walshesky), __ A.3d __, (Pa. Cmwlth., No. 1916 C.D. 2013, filed June 10, 2014), 2014 WL 2576059, *7-8.

By removing his belongings from Employer's truck under Manager's supervision, Claimant was furthering Employer's interests. The WCJ found Claimant was acting pursuant to Manager's direction to remove his belongings and clean out Employer's truck, and was under Manager's supervision while doing so. WCJ Remand Op., F.F. No. 3. Thus, he was under Employer's control at the time of his injury.

Additionally, in the alternative, an employee may be found to be within the scope of employment, even when not furthering an employer's interests. O'Rourke. Significantly, Section 301(c)(1) of the Act "does not preclude a claimant from seeking benefits for such an injury after the employment

13

relationship has ceased" provided he can establish the injury occurred in the course of employment. Little, 23 A.3d at 645 n.11.

Employer predicates its argument on the proposition that an employee may not be determined to be within the scope of employment after that employment has ended. In support of its position, Employer relies on Little.[4]

In Little, a former employee received a termination letter in the mail. He died of heart failure at home two days after receiving the letter. His wife alleged he obsessively reviewed the letter, and paced. While reading the termination letter, the claimant suffered a fatal heart attack.

This Court in Little concluded that the claimant was not furthering his employer's interests at the time he died. Aside from the fact that the employment relationship was severed before the claimant received the termination letter, the final act regarding his employment occurred days prior to his death.

This case is distinguishable from Little in several material respects. First, Claimant's injury here occurred on Employer's premises. In Little, the claimant had the heart attack in his own home. Second, Claimant sustained the injury on his last day of employment, in temporal proximity to quitting, within a

---

[4] Employer also cites two other cases as relevant to our analysis: Moberg v. Workers' Compensation Appeal Board (Twining Village), 995 A.2d 385 (Pa. Cmwlth. 2010) (regarding claimant's admitted status as applicant, not employee at the time of injury) and Wright v. Workers' Compensation Appeal Board (Larpat Muffler, Inc.), 871 A.2d 281 (Pa. Cmwlth. 2005) (regarding claimant's pursuit of personal business when injured on way to parking lot). As neither case involves a former employee or a similar situation, the cases are inapposite.

reasonable time of being required to be on premises.  See Port Auth. of Allegheny Cnty. v. Workmen's Comp. Appeal Bd. (D'Agostino), 444 A.2d 837 (Pa. Cmwlth. 1982) (employee's death in employer's parking lot 90 minutes after the end of his shift was compensable because presence on employer's premises for this additional period of time was not unreasonable).  By contrast, Little was terminated by letter, and died days after his employer severed the employment relationship.  Third, when Claimant's injury occurred, he was performing a task requested by Employer.  In Little, the claimant was not only terminated, he was also not performing any task related to his employment when he was pacing in his own home.

We review the evidence in a light most favorable to the party who prevailed before the factfinder, the WCJ.  Sell v. Workers' Comp. Appeal Bd. (LNP Eng'g), 771 A.2d 1246 (Pa. 2001); Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison), 819 A.2d 164 (Pa. Cmwlth. 2003).  Further, we draw all reasonable inferences deducible from the evidence in support of the factfinder's decision in the prevailing party's favor.  Id.  Here, Claimant prevailed before the WCJ.

Moreover, as factfinder, the WCJ "has exclusive province over questions of credibility and evidentiary weight" and "is free to accept or reject the testimony of any witness ... in whole or in part."  Greenwich Collieries v. Workmen's Comp. Appeal Bd. (Buck), 664 A.2d 703, 706 (Pa. Cmwlth. 1995).  This Court may overturn a "credibility determination only if it is arbitrary and capricious or so fundamentally dependent on a misapprehension of facts, or so

15

otherwise flawed, as to render it irrational." Casne v. Workers' Comp. Appeal Bd. (STAT Couriers, Inc.), 962 A.2d 14, 19 (Pa. Cmwlth. 2008).

Here, the WCJ credited Claimant's testimony regarding the circumstances surrounding his fall. The WCJ explicitly stated she found Employer's witnesses "unpersuasive." WCJ Decision, 5/28/09, F.F. No. 13. Claimant's testimony supports the finding that he was required to remove his belongings from the truck. Id., F.F. No. 5; WCJ Hr'g, N.T., 5/6/2008, at 11, 15; Claimant's Dep. Tr., 10/3/2008, at 7.

Little is instructive as to how this Court analyzes a case when an employee is a former employee at the time of sustaining injury. See also Hepp v. Workmen's Comp. Appeal Bd. (B.P. Oil Co.), 447 A.2d 337 (Pa. Cmwlth. 1982) (evaluating claim of employee injured at home post-termination by employer; reasoning terminated employee must establish injury arose in course of employment, in which location is one factor and activities another).

Relevant here, in Little we noted that termination of the employment relationship does not bar workers' compensation benefits. In Little, we concluded that "where a work injury appears to bear no relationship to events associated with employment activities … but rather relates to a final act that is only work-related insofar as the event alters the employment relationship … an injury associated with that final act does not arise in the course of employment." Id. at 644-45. We then proceeded to interpret "course of employment," using the three factors (on

16

employer's premises, required to be on premises, and injured due to a condition of the premises) traditionally applied.

The WCJ assessed these factors, and determined Claimant was performing a "required task" of cleaning out his truck at the time he was injured. WCJ Remand Op., F.F. No. 3. The WCJ properly based her decision on the activities Claimant was performing at the time of his injury. She found he was on Employer's premises, and was acting on Employer's direction at the time he was on the premises, and was injured by tripping over Employer's pallet on the warehouse floor.

Here, Claimant makes the case that he was both on Employer's premises and furthering Employer's interests when he sustained injuries. Although Claimant quit before he was injured, he was still within the scope of employment because he was acting at Employer's direction, and thus furthering Employer's interests. Because substantial evidence supports the WCJ's findings, we reinstate the WCJ's order.

### III. Conclusion

For the foregoing reasons, because Claimant was within the course and scope of employment at the time of injury, the Board's order is reversed, and the WCJ's order on remand, circulated July 28, 2011, is reinstated.

_____
ROBERT SIMPSON, Judge

17

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Marazas,                        :

                 Petitioner       :

                               :

             v.                  :    No. 337 C.D. 2014

                               :

Workers' Compensation Appeal    :

Board (Vitas Healthcare Corporation),   :

                 Respondent    :

## **O R D E R**

**AND NOW**, this 11th day of August, 2014, the order of the Workers'
Compensation Appeal Board dated February 19, 2014, is **REVERSED**.

---------------------------------------

ROBERT SIMPSON, Judge