# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edvin Lopez, : 
              Petitioner : 
               : 
              v. :   No. 1337 C.D. 2016
               :   Submitted: March 3, 2017
Workers' Compensation Appeal : 
Board (Martinez, Michael J. Wright : 
Construction, Alvan Construction, : 
Inc., Edvin Construction, Inc., as : 
insured by Hartford Insurance : 
Company, Toll Brothers, Inc. and : 
Pennsylvania Uninsured Employers : 
Guaranty Fund), : 
              Respondents : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: July 12, 2017

      Edvin Lopez (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that denied Claimant workers' compensation benefits. In doing so, the Board affirmed the decision of the Workers' Compensation Judge (WCJ) that Claimant failed to prove that he was injured while working as an employee or statutory employee of any of the putative employers named in his claim petitions. For the following reasons, we affirm.

## Background

      Claimant is a carpenter who works on residential construction projects. In July 2012, Claimant sought benefits under the Workers'

Compensation Act (Act)[1] for injuries he sustained on June 6, 2012, while lifting a wooden beam at a home construction project site in Warrington Township, Pennsylvania (Warrington Project). The injury caused right-sided low back pain that traveled down his right leg and into his big toe. He was able to stand, but he experienced pain when he walked.

Claimant's first claim petition named Alvaro Martinez, Alvan Construction, Edvin Construction, and Michael J. Wright Construction as employers.[2] He then filed a claim petition against the Uninsured Employers Guaranty Fund, which joined Edvin Construction, Hartford Insurance, and Toll Brothers, Inc. as defendants. The WCJ consolidated the petitions. The WCJ then bifurcated the case to determine, first, Claimant's employment status on the date he alleged that he sustained an injury at the Warrington Project.

Claimant testified in person and by deposition. Claimant stated that he worked for Martinez, the owner of Alvan Construction, from 2007 through the date of his injury. Claimant testified that on June 6, 2012, Martinez drove him to the Warrington Project in a van bearing the name Alvan Construction. Claimant testified that he did not bring his own tools to work and that Martinez gave him instructions at the job site. According to Claimant, Martinez paid him in cash every 15 days until May 2012; thereafter, Martinez paid him by check. Claimant testified that two checks issued in May of 2012 paid him for work on other projects; the third check, dated June 4, 2012, was for his work on the Warrington Project. Claimant provided photocopies of the three checks at the hearing.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

[2] Alvaro Martinez also filed a joinder petition against Hartford Insurance. Edvin Construction filed joinder petitions against the Uninsured Employers Guaranty Fund and Alvan Construction.

2

Claimant testified that on June 6, 2012, he reported his injury to Martinez, who gave him a ride home after work. The next day, Claimant went to the hospital, where he was prescribed medication. Claimant testified that he has not worked since June 6, 2012, because of the pain he experiences when he bends, which prevents him from lifting anything heavy. Claimant goes to physical therapy three times a week. Claimant testified that he has no income and relies on his wife and friends for support.

Claimant testified that Alvan Construction worked as a subcontractor for Wright Construction at construction sites in Pennsylvania and New Jersey. Claimant explained, however, that he was not hired directly by Wright Construction but, rather, by Martinez:

> [Question]: In the five years that you worked for Alvan Construction, were you ever hired to do a job personally by Michael J. Wright Construction?
>
> [Claimant]: Not directly.
>
> * * *
>
> [Question]: When you went to work each day, did you ever have to report in to anyone directly from Michael J. Wright Construction?
>
> * * *
>
> [Claimant]: No, we just go to work and start working. We didn't talk to anybody. We just knew what we had to do. And we got instructions, and we started working.
>
> [Question]: And those instructions … came from Alvaro [Martinez], correct?
>
> [Claimant]: To me, yes.

3

Notes of Testimony (N.T.), 2/21/2013, at 54; Reproduced Record at 79a (R.R. __). Claimant believed that Martinez worked for Wright Construction because "the form that [he] had at [his] work … had Michael Wright's name in it. And Alvaro [Martinez] worked with it." N.T., 2/21/2013, at 33; R.R. 74a. Claimant testified that Steve Rossi of Wright Construction gave Martinez instructions, who, in turn, instructed Claimant. In his deposition, Claimant testified that Rossi was not at the job site on June 6, 2012; however, at the hearing, Claimant testified that Rossi was present and directing his work on the day of his injury.

Claimant did not receive earning statements from Alvan Construction, Martinez, or Wright Construction. He did not report his injury to Wright Construction. Claimant believed that Toll Brothers owned the Warrington Project site because of a sign bearing the company's name that was posted at the property.

When questioned about his affiliation with Edvin Construction, Claimant responded that he did not recognize that name and that he has not registered a business in Pennsylvania. Claimant testified that he and an interpreter were present when his lawyer electronically filed a claim against Edvin Construction; he acknowledged that he did not tell his lawyer that Edvin Construction did not exist.

Claimant denied that he was self-employed. Claimant testified that he purchased a workers' compensation insurance policy from Hartford Insurance Company for himself and another worker because Martinez instructed him to do so. According to Claimant, he did not have anyone working for him. He paid the initial premium of $1,090 and then $280 every month; Martinez increased his salary to cover the cost of the premiums. Claimant stated that the policy, with a coverage period from May 5, 2012, to May 5, 2013, did not include a self-

4

proprietor endorsement. As a result, Hartford denied Claimant's claim for compensation benefits. Claimant then cancelled the policy.

Martinez testified that he worked as a site supervisor for Alvan Construction, which is owned by his wife. Martinez confirmed that Claimant once worked for Alvan Construction, during which time Martinez would pick him up in a van and take him to job sites. Likewise, Martinez provided the tools for Claimant and paid him in cash. Martinez made the last payments to Claimant by check. Martinez testified that Alvan Construction ceased doing business in April 2012 because it was having difficulty obtaining workers' compensation insurance. Claimant did not do any work for the company after April 2012. Martinez testified that neither he nor anyone else from Alvan Construction was present at the Warrington Project site on June 6, 2012; Claimant did not work for him or the company on that day; and Claimant did not tell him about an injury.

Martinez testified that the last project Alvan Construction did for Wright Construction was in Perth Amboy, New Jersey, in April 2012. Alvan Construction never worked directly for Toll Brothers. Martinez testified that he is not an employee of Wright Construction and has never worked at a Toll Brothers site.

Martinez acknowledged that he instructed Claimant to buy his own workers' compensation insurance so that he could keep working for Alvan Construction. Martinez advised Claimant to purchase insurance through Latin American Express, an insurance agency. However, he did not accompany Claimant when he bought the policy. Martinez testified that Claimant produced a certificate of insurance, which he required before he would pay Claimant.

5

Jennifer Bryan, a bookkeeper for Wright Construction, testified that Wright Construction used subcontractors, but it has not used Alvan Construction since April 2012. In support, she produced documentation that Wright Construction's last payment to Alvan Construction was on April 18, 2012.

Bryan produced a Wright Construction spreadsheet that listed the subcontractors working on the Warrington Project on June 6, 2012. Alvan Construction was not on that list. Bryan testified that Wright Construction did not have an agreement with Martinez personally; never hired Claimant; and never paid Claimant any wages. Likewise, Claimant never reported a June 6, 2012, injury to her. Wright Construction business records listed all employees on the payroll from June 1, 2012, through September 30, 2012; neither Claimant nor Martinez was on that list.

Bryan explained the relationship between Toll Brothers, Wright Construction and its subcontractors as follows:

> [Question]: [D]oes Michael J. Wright have a relationship with Toll Brothers?
>
> [Bryan]: Yes … we're a framer for them.
>
> [Question]: Are you a general contractor hired by Toll Brothers?
>
> [Bryan]: We are hired as framing.
>
> * * *
>
> [Question]: When you're hired to do framing, are you asked to hire various subcontractors to do their work?
>
> [Bryan]: No. We're not asked to.
>
> [Question]: When you do hire subcontractors, what type of involvement do you have with the individual subcontractors in terms of who[m] they use to perform the job duties?

6

[Bryan]: None.

[Question]: Do you have any involvement with what a subcontractor pays an individual that does work on their behalf?

[Bryan]: No.

[Question]: Do you know the names of any employees that a subcontractor hires or any individuals that a subcontractor uses to perform work?

[Bryan]: No.

N.T., 7/23/2013, at 15-16; R.R. 119a-120a.

Wright Construction provided an affidavit executed by Bryan attesting that its foreman, Steve Rossi, was not present at the Warrington Project site on June 6, 2012. The affidavit further attested that, as a matter of standard practice, each foreman is required to complete daily "Foreman Jobsite Safety Sheets" for jobsites at which he is working. Upon review of "all of the relevant sheets in [the company]'s file," she found "no 'Foreman Jobsite Safety Sheet' for Steve Rossi for the Warrington [Project] site for the date of June 6, 2012." Wright Exhibit D1, Bryan Affidavit.

Finally, Wright Construction offered the testimony of David Anderson, a senior vice president of Toll Brothers. Anderson testified that Toll Brothers "contract[ed] or subcontract[ed] out all those components and labor" for the Warrington Project. N.T., 8/28/2013, at 11; R.R. 179a. Anderson acknowledged that Wright Construction was under contract for the Warrington Project, but he had no knowledge of the identity of Wright Construction's subcontractors. Anderson testified that he never heard of Alvan Construction, Martinez, Edvin Construction, or Claimant. Neither Alvan Construction nor Edvin Construction was a main contractor for the Warrington Project. Anderson testified

7

that Toll Brothers employees are instructed to document all work site accidents and report them to the company's risk management department and legal department. To the best of his knowledge, no one reported an injury at the Warrington Project on June 6, 2012.

Claimant argued that the factors set forth in *Universal Am-Cam Ltd. v. Workers' Compensation Appeal Board (Minteer)*, 762 A.2d 328 (Pa. 2000),[3] supported the conclusion that he was working as an employee on the date of his injury, notwithstanding his purchase of a workers' compensation insurance policy. Alternatively, Claimant argued that Wright Construction should be held liable as a statutory employer because it was responsible for its subcontractors, Martinez and Alvan Construction. In light of the fact that Wright Construction, a New Jersey company, did not maintain workers' compensation insurance in Pennsylvania, Claimant argued, Toll Brothers should be found liable as a statutory employer because it exercised "exclusive custody and control of the worksite." Claimant Brief to WCJ, Section II(c) at 4.

---

[3] Our Supreme Court has identified the following factors to determine whether an individual is an employee or an independent contractor:

> Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one is engaged in a distinct occupation or business; which party supplied the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.

*Universal Am-Cam Ltd.* 762 A.2d at 333 (quoting *Hammermill Paper Company v. Rust Engineering Company*, 243 A.2d 389, 392 (Pa. 1968)).

8

**WCJ Decision**

The WCJ found that Claimant did not "credibly or persuasively" establish that he was injured while working as an employee or under the control of Alvan Construction, Wright Construction, or Toll Brothers. WCJ Decision, 4/3/2015, at 8-9, Finding of Fact Nos. 8-10. The WCJ credited Bryan's testimony that Wright Construction made its last payment to Alvan Construction on April 18, 2012, which was consistent with Martinez's testimony that Alvan Construction has not done any work for Wright Construction since April 2012. The WCJ discredited Claimant's testimony that he was working under the direction of Wright Construction's foreman Steve Rossi at the Warrington Project site on June 6, 2012, which was inconsistent with Bryan's affidavit. The WCJ noted that the checks Claimant received from Alvan Construction pertained to work he had done before the date of injury, and Claimant did not provide earning statements or tax records to establish that he was employed on June 6, 2012. The WCJ further noted that Claimant purchased a workers' compensation insurance policy that was in effect on the date of injury.

The WCJ credited Anderson's testimony that Toll Brothers' employees were not doing the construction at the Warrington Project, and had no control over the subcontractors hired by Wright Construction. The WCJ noted that Claimant did not identify a Toll Brothers employee who supervised his work on the date of his injury, and his testimony regarding Toll Brothers' ownership of the project "was based solely on his recollection of seeing a sign at the job site." *Id.* at 9, Finding of Fact No. 10.

Based on these findings, the WCJ concluded that Claimant did not establish that he was working as an employee of Alvan Construction, Martinez,

9

Wright Construction, or Toll Brothers on the date of his injury. The WCJ also concluded that Claimant did not prove that he was covered by the workers' compensation insurance policy issued by Hartford. Accordingly, the WCJ denied Claimant's claim petitions.

## Board Adjudication

Claimant appealed to the Board. He contended that the WCJ's findings were not supported by substantial evidence and that the WCJ erred in concluding that he did not have an employer-employee relationship with any of the named defendants on the date of injury. More specifically, Claimant argued that the WCJ failed to "discuss the evidence and make a ruling utilizing the correct legal analysis" as to whether Wright Construction or Toll Brothers were "statutory employers," which was required in order to issue a reasoned decision. Claimant Appeal to Board at 5; R.R. 268a. Finally, Claimant argued that the WCJ's conclusion that "Claimant has not satisfied his burden of proving that he was injured while working on June 6, 2012," WCJ Decision, 4/3/2015, Conclusion of Law No. 2, was beyond the scope of the hearing, which the parties agreed was "on the bifurcated matter of employment only[.]" Claimant Appeal to Board at 6; R.R. 269a. Claimant never had the opportunity to present evidence on the nature and scope of his injury.

The Board affirmed, holding that the WCJ rendered a reasoned decision in holding that Claimant did not establish an employment relationship with Martinez or Alvan Construction on the date of injury. *Ergo*, the Board held

that Claimant's "statutory employer" argument against Toll Brothers and Wright Construction also failed. Claimant petitioned for this Court's review.[4]

On appeal, Claimant first argues that the Board erred because the WCJ's factual findings and credibility determinations are not supported by the record evidence. Stated otherwise, the WCJ did not issue a reasoned decision as required by Section 422(a) of the Act, 77 P.S. §834.[5] Claimant argues that the WCJ did not apply the proper legal standard for determining whether an employment relationship existed on the date of Claimant's injury. Finally, Claimant argues that the Board erred by not addressing his contention that the WCJ went beyond the scope of the bifurcated hearing by concluding that Claimant did not prove "that he was injured while working." WCJ Decision, 4/3/2015, Conclusion of Law No. 2. This error alone, Claimant argues, warrants a remand.

**Analysis**

Claimant argues that, due to a number of deficiencies, the WCJ's decision failed to satisfy the "reasoned decision" requirement of Section 422(a) of the Act.[6] Specifically, Claimant challenges the WCJ's Findings of Fact No. 8 to

_____

[4] This Court's review of an order of the Board is to determine whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. *Cytemp Specialty Steel v. Workers' Compensation Appeal Board (Crisman)*, 39 A.3d 1028, 1033 n.6 (Pa. Cmwlth. 2012).

[5] We have combined and reordered Claimant's issues for purposes of our analysis.

[6] Section 422(a) of the Act states in pertinent part:

> All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the

**(Footnote continued on the next page . . .)**

11

10, which state that "Claimant's testimony did not credibly or persuasively establish that he was injured on June 6, 2012, while working as an employee or under the control of" Alvan Construction, Wright Construction or Toll Brothers. WCJ Decision, 4/3/2015 at 8-9, Finding of Fact Nos. 8-10.[7] Claimant argues that

---

**(continued . . .)**

workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

77 P.S. §834.

[7] In full, the challenged findings of fact state:

8. This WCJ finds that Claimant's testimony did not credibly or persuasively establish that he was injured on June 6, 2012 while working as an employee of [or] under the control of Alvan Construction. This WCJ has determined that the testimony of Alvaro Martinez was more credible than Claimant's testimony on this issue. In making this determination, this WCJ notes the following:

a) Claimant acknowledged that the checks from Alvan Construction (Exhibit C-2) pertained to work that he did prior to the alleged date of injury.

b) Mr. Martinez credibly explained that Alvan Construction has not done any work since April of 2012.

c) Mr. Martinez also credibly explained that he never personally employed Claimant.

d) There were no earnings statements or tax records from Claimant establishing that he worked on June 6, 2012.

e) Claimant purchased his own workers' compensation insurance policy that was in effect on the alleged date of injury.

9. This WCJ finds that Claimant's testimony did not credibly or persuasively establish that he was injured at the Warrington Meadow's job site on June 6, 2012 while working as an employee of or under the control of Michael J. Wright Construction. This WCJ has determined that the testimony of Ms. Bryan was more credible than Claimant's testimony on this issue. In making this determination, this WCJ notes the following:

**(Footnote continued on the next page . . .)**

these findings are "internally inconsistent, as [Alvan] certainly would not have paid [Claimant] in May and June if it stopped performing all operations in April of 2012." Claimant Brief at 47. Claimant contends that the WCJ erred in crediting Bryan's testimony because the list of subcontractors she produced at the hearing was "never established as being complete or relevant to any job site[.]" Claimant

---

**(continued . . .)**

> a) Claimant's testimony that he was working with Alvan Construction for Michael J. Wright Construction was contradicted by Ms. Bryan's testimony establishing that the last payment to Alvan Construction was made on April 18, 2012. This WCJ notes that Ms. Bryan's testimony on this issue was consistent with testimony from Mr. Martinez.
>
> b) Claimant's testimony that he was working under the direction of Steve Rossi at the Warrington Meadows job site on June 6, 2012 was contradicted [by] Ms. Bryan, who based the presentation in her Affidavit on her review of records regularly maintained by Michael J. Wright Construction.
>
> c) Claimant also acknowledged that he has never been hired directly by Wright Construction.

10. This WCJ finds that Claimant's testimony did not credibly or persuasively establish that he was injured at the Warrington Meadows job site on June 6, 2012 while working as an employee of or under the control of Toll Brothers Construction. This WCJ has determined that the testimony of Mr. Anderson was more credible than Claimant's testimony on this issue. In making this determination, this WCJ notes the following:

> a) Mr. Anderson credibly explained that Toll Brothers did not have employees on the site doing building work and that the company contracts or subcontracts out all components and labor.
>
> b) Mr. Anderson credibly explained that Toll Brothers had no control over the subcontractor chosen by Michael J. Wright Construction.
>
> c) This WCJ notes that Claimant did not identify a Toll Brothers employee who supervised his work. Claimant's testimony regarding Toll Brothers was based solely on his recollection of seeing a sign at the job site.

WCJ Decision, 4/3/2015, at 8-9, Finding of Fact Nos. 8-10.

Brief at 55. He also contends that the WCJ erred in crediting Anderson's testimony because "[it] was largely irrelevant to the issue of statutory employment … because … Anderson had no firsthand knowledge of Wright Construction's use of subcontractors." Claimant Brief at 58.

With respect to the claim petition he filed against Edvin Construction, Claimant argues that "[it] was merely a protective pleading in the alternative, to respond to [Martinez]'s Joinder Petition against Respondent Hartford as the purported insurer of Edvin Construction, and not to be considered a belief by [Claimant] that he was employed by this non-existent entity[.]" Claimant Brief at 43. Claimant asserts that the WCJ should not have considered the claim against Edvin Construction because it had no significance. With respect to Claimant's Hartford insurance policy, Claimant argues that the WCJ failed to consider "all [of] the relevant evidence in the record concerning this matter" and "the full circumstances as to why the policy was purchased." Claimant Brief at 45-46.

Claimant argues that the most significant flaw in the WCJ's Decision was the finding that Claimant was not working under the direction of Steve Rossi on June 6, 2012. Claimant Brief at 56. This finding was based on Bryan's affidavit, which, Claimant contends, was "ambivalent." *Id.* Bryan did not attest that Rossi was not present at the Warrington Project site on June 6, 2012. She did not explain the nature of the Jobsite Safety Sheets or specify the extent of Rossi's compliance with the requirement to furnish the Jobsite Safety Sheets. Claimant argues that Bryan's affidavit has "no probative value." Claimant Brief at 57.

Section 422(a) of the Act states that a reasoned decision is one that contains "findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the [WCJ's]

14

decisions so that all can determine why and how a particular result was reached." 77 P.S. §834. The WCJ must specify the evidence upon which she relied in making her decision. "When faced with conflicting evidence, the [WCJ] must adequately explain the reasons for rejecting or discrediting competent evidence." *Id.* Without a reasoned opinion, meaningful appellate review cannot be done. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1052 (Pa. 2003).

The WCJ, as a fact finder, has "exclusive province over questions of credibility and evidentiary weight, and the [WCJ]'s findings will not be disturbed when they are supported by substantial, competent evidence." *Greenwich Collieries v. Workers' Compensation Appeal Board (Buck)*, 664 A.2d 703, 706 (Pa. Cmwlth. 1995). The WCJ "is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Id.* Moreover, where both parties present evidence, it is irrelevant that the record contains evidence which supports a finding contrary to that made by the WCJ; rather, the pertinent inquiry is whether evidence exists that supports the WCJ's findings. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152, 1155 (Pa. Cmwlth. 1998). The WCJ cannot capriciously disregard competent evidence. *Lewis v. Workers' Compensation Appeal Board (Andy Frain Services, Inc.)*, 29 A.3d 851, 856 (Pa. Cmwlth. 2011).

Here, the WCJ credited Bryan's testimony that Wright Construction's last payment to Alvan Construction was made on April 18, 2012, because "[her] testimony on this issue was consistent with testimony from Mr. Martinez." WCJ Decision, 4/3/2015, at 9, Finding of Fact No. 9. The WCJ also found that Martinez "credibly explained that Alvan Construction has not done any work since April of

15

2012." *Id.* at 8, Finding of Fact No. 8. The WCJ specifically found that the checks from Alvan Construction to Claimant pertained to work performed before the date of his alleged injury. Except for his own testimony, Claimant offered no evidence, such as earning statements or tax records, to show that he was employed by anyone on June 6, 2012. Consistent with these findings, the WCJ rejected Claimant's testimony that on June 6, 2012, he was working with Alvan Construction, as a subcontractor of Wright Construction. The WCJ further found that Claimant was not hired directly by Wright Construction or Toll Brothers on June 6, 2012, because "Claimant … acknowledged that he has never been hired directly by Wright Construction," and "Claimant did not identify a Toll Brothers employee who supervised his work." *Id.* at 9, Finding of Fact Nos. 9-10.

Factual findings and credibility determinations fall within the exclusive province of the WCJ, and the only inquiry is whether substantial evidence supports the WCJ's findings. *Hoffmaster*, 721 A.2d at 1155. "[I]t does not matter that there is evidence of record which could support a finding contrary to that made by the WCJ." *Id.* Here, the WCJ explained the rationale for his decision, including his credibility determinations. He specified the evidence upon which he relied in making his determinations. He did not overlook evidence; he simply did not make the findings desired by Claimant. For example, the WCJ rejected Claimant's theory that the checks showed Claimant was working for Alvan Construction on June 6, 2012. We conclude that the WCJ rendered a reasoned decision.

Claimant next argues that the Board erred by not applying "any legal standards, let alone the proper legal standard," in finding that Claimant was not in an employment relationship on the date of his injury. Claimant Brief at 48.

16

Claimant argues that the WCJ should have applied the Construction Workplace Misclassification Act,[8] which makes a construction worker an employee for purposes of workers' compensation unless there is a written contract indicating otherwise. Claimant never signed a subcontractor agreement with Alvan Construction; accordingly, he was Alvan Construction's employee. Claimant Brief at 40. Alternatively, the WCJ should have applied the common law test for distinguishing an employee from an independent contractor,[9] which would also compel the finding that Claimant was an employee of Alvan Construction. As such, he worked at the Warrington Project site under the supervision of Wright Construction, which was in turn under Toll Brothers' direction. These circumstances establish, "as a matter of law," that Toll Brothers and Wright Construction were statutory employers of Claimant on the date of his injury.[10]

A claimant seeking workers' compensation benefits must establish that he sustained an injury arising in the course of his employment and that the injury resulted in a loss of earning power. *Staron v. Workers' Compensation Appeal Board (Farrier)*, 121 A.3d 564, 567 (Pa. Cmwlth. 2015). The phrase "arising in the course of employment" is construed to include "injuries sustained in furtherance of the business or affairs of the employer, as well as certain other

---

[8] Act of October 13, 2010, P.L. 506, 43 P.S. §§933.1-933.17.

[9] *See* n.3, *supra*.

[10] Section 203 of the Act provides:

> An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

77 P.S. §52.

injuries which occur on premises occupied or controlled by the employer." *Marazas v. Workers' Compensation Appeal Board (Vitas Healthcare Corporation)*, 97 A.3d 854, 861 (Pa. Cmwlth. 2014). "Employment status is a critical threshold determination for liability," and it is the claimant's burden to prove. *Staron*, 121 A.3d at 567 (quoting *American Road Lines v. Workers' Compensation Appeal Board (Royal)*, 39 A.3d 603, 610 (Pa. Cmwlth. 2012)).

Claimant argues that the WCJ was required to use the Construction Workplace Misclassification Act or the common law test to determine whether Claimant was an employee of Alvan Construction or an independent contractor on the date of his injury. This argument is misplaced. The WCJ did not find that Claimant acted as an independent contractor on the date of his injury; rather, the WCJ found that Claimant was not "working as an employee or under the control of" any of the employers he named in his claim petition on June 6, 2012. WCJ Decision, 4/3/2015, at 8-9, Finding of Fact Nos. 8-10. The WCJ credited Bryan's testimony that Wright Construction's last payment to Alvan Construction was made on April 18, 2012, and Martinez's testimony that Alvan Construction stopped doing business in April 2012. Claimant admitted that he had not been hired either by Wright Construction or Toll Brothers. Because the WCJ found that Claimant was not working for Alvan Construction when he was injured, he did not have to consider whether Claimant was an employee or independent contractor, or whether Wright Construction or Toll Brothers was a statutory employer under Section 203 of the Act, 77 P.S. §52. The WCJ did not err.

In his final issue, Claimant argues that the WCJ, by concluding that he "has not satisfied his burden of proving that he was injured while working on June 6, 2012," WCJ Decision, 4/3/2015, at 9, Conclusion of Law No. 2, failed to give

18

him an "opportunity to present his medical case in chief." Claimant Brief at 60. Claimant argues that "the [WCJ]'s determination that no injuries occurred on June 6, 2012 clearly … exceeded the scope of the bifurcation arrangement." Claimant Brief at 60. Claimant misreads the WCJ's decision. The WCJ did not find that Claimant did not sustain a physical injury; rather, he concluded that Claimant was not injured "*while working*." WCJ Decision,4/3/2015, at 9, Conclusion of Law No. 2 (emphasis added). Specifically, the WCJ found that Claimant did not establish an employment relationship with Alvan Construction, Wright Construction, or Toll Brothers as of June 6, 2012.

## Conclusion

For all of the foregoing reasons, we affirm the Board's order.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edvin Lopez, : 
                 Petitioner : 
                : 
         v. : No. 1337 C.D. 2016
                : 
Workers' Compensation Appeal : 
Board (Martinez, Michael J. Wright : 
Construction, Alvan Construction, : 
Inc., Edvin Construction, Inc., as : 
insured by Hartford Insurance : 
Company, Toll Brothers, Inc. and : 
Pennsylvania Uninsured Employers : 
Guaranty Fund), : 
             Respondents : 

# **O R D E R**

AND NOW, this 12th day of July, 2017, the order of the Workers' Compensation Appeal Board dated July 6, 2016, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge